(*) FARWELL *versus* STURDIVANT.

A court of equity, having jurisdiction for any purpose, must have jurisdiction as to the means of effectuating that purpose, and will hold it till complete relief be afforded.

Such a court, having jurisdiction of a suit for the redemption of mortgaged land, upon payment of the mortgage debt, may, *in such suit*, require that any over payment, made to the mortgagee upon such debt, shall be refunded, *without resort to an action at law.*

A written notice upon a mortgagee, for an exhibit of the amount due, is not *necessarily* to be delivered by the mortgager personally. A service of it by an officer will be sufficient.

The prescribing, in such a notice, of an unreasonable time or place, in which the exhibit is to be furnished, will not exonerate the mortgagee from the duty of furnishing it at a reasonable place, within a reasonable time.

On a bill in equity to redeem land, mortgaged to secure a sum with its semi-annual interest, the interest computed for the first half year, together with the principal, will constitute a new principal, upon which, in the same mode, the interest is to be computed and compounded for each succeeding half year.

On Report from *Nisi Prius*, Wells, J., presiding.

Bill in Equity to redeem real estate mortgaged.

The plaintiff had drawn up and signed a paper, directed to the defendant, which, as to its form, was a sufficient demand upon the defendant to exhibit to the plaintiff the amount due upon the mortgage.

The paper also stated, that if more convenient to the defendant, he might leave the exhibit with Willis & Fessenden, attorneys.

This notice, according to the officer's return, was served upon the defendant by delivering it to him in hand. The defendant objected to the sufficiency of that demand.

The cause having come up for a hearing upon bill, answer and proof, was referred to a master to ascertain what amount, if any, was due on the mortgage.

The master's report shows, that the debt secured by the mortgage was a note dated Aug. 27, 1838, for $250, payable in two years, with interest *semi annually*. Upon that note, a payment of $190 was made on April 21, 1845; and on Feb. 4, 1848, the parties were together, and the defendant caused the *interest* on the note to be computed from its date to that time. That computation, made "by calculating the interest every six months and compounding it," showed the interest to have amounted to $188,24, for which amount the plaintiff gave his note which the defendant afterwards collected.

In that computation the payment of the $190 was wholly unnoticed. The plaintiff also paid $50 upon the note on Jan. 8, 1851, and $50 more on Jan. 13, 1852.

The report showed, that the sums paid to defendant had

overpaid the note by the sum of $78,28, and that, in arriving at this result, the master inferred, that by giving the note of Feb. 4, 1848, for the interest cast half yearly and compounded, the plaintiff agreed to pay interest up to that date upon that mode of reckoning.

He thereupon taxed interest upon the note by computing it for a half year and then adding the amount of it to the principal; and thus constituting a new principal upon which the next half's interest was computed and added; thus compounding every half year up to April 25, 1845, and from the aggregate, the $190, that day paid, was deducted. The balance was then made to constitute a new principal, upon which the interest was compounded half yearly, until the said Feb. 4, 1848, at which time the balance due appeared to be $24,45. Upon that balance, simple interest was computed, ($4,29,) up to the payment of $50, on Jan. 8, 1851, which overpaid the note by $21,26. Upon that sum, simple interest was computed, ($1,29) up to Jan. 13, 1852, when the second payment of $50 was made, by which the overpayment was increased up to $72,55. Upon that sum, simple interest was computed, ($5,73) up to the time of the decree, making the overpayment with its interest up to that time to amount to $78,28.

To the mode of computation thus adopted by the master, both parties objected.

The Judge decreed, that the defendant should pay back to the plaintiff the said sum, $78,28, with costs of this process, and re-convey the mortgaged premises to him by deed of release and quitclaim. The case was then removed, upon the requirement of the defendant, for a decision by the full Court.

HOWARD, J. — The redemption of mortgaged estates is, upon general principles, within the jurisdiction of courts of equity. This court, as a court of equity of limited power, has jurisdiction in such cases, specially conferred by statute. R. S. c. 96, § 10; c. 125. Where the jurisdiction of a court

of equity which can determine the matter, has rightfully attached, it will in general be retained to afford complete relief, without turning the parties over to a suit at law. 1 Story, Com. Eq. § 64, p. 82; 2 Fonbl. Eq. B. 6, c. 3, § 6. And where the court has jurisdiction for a purpose, it must have it as to the means to accomplish that purpose.

This suit by the mortgager against the mortgagee, is for the redemption of a mortgaged estate, and comes before us on a report from a hearing and decree of a Justice of this Court at *Nisi Prius,* under the provisions of the statute of 1852, c. 246, § 14. It appears that the defendant neglected on request, to render an account of the sum due upon the mortgage, before commencement of the suit. The bill, therefore, may be sustained, without an allegation or proof of tender of payment, upon the offer to pay and perform. It is no objection to the request that it was not made by the plaintiff in person. It was in writing, and sufficiently specific to inform the defendant of the requirement and the purpose of the plaintiff; and it was communicated in season, and in a manner unobjectionable. It authorized the defendant to leave his account of the amount due, with the attorneys of the plaintiff, if more for his accommodation, but did not *require* him to do so. But if the plaintiff's request had been accompanied with directions to the defendant to present his account at a particular time and place, it might have been sufficient, notwithstanding. If the appointments of time and place were unreasonable, performance by the defendant could not be exacted. He had only to render the account in a reasonable time and manner. No unauthorized exactions by the plaintiff, would absolve the defendant from the performance of duties required in this respect, by the plain provisions of the statute. *Roby* v. *Skinner,* 34 Maine, 270.

In his answer, the defendant denies that the mortgage debt had been paid; but the master reports that it had been overpaid. His decision has not been impeached, and it must be regarded as conclusive upon the fact of overpayment.

The rule adopted by the master, in calculating interest upon the note secured by the mortgage, is objected to by both parties; but in our opinion the objections must fail. The effect of the rule is, to require the borrower to fulfil his contract with the lender, by paying the principal with interest semi annually, and interest upon the sums of unpaid interest, after they had accrued by the terms of the note, and according to the agreement of the plaintiff, as found by the master. It also gives to the lender just what he might have realized if the borrower had complied with the terms of his contract. This will do justice to both parties, without violating the statutes of usury. A contract to pay interest upon a sum due for interest, is but an agreement to pay interest on money due, and is not usurious. But where the contract is usurious, even equity requires the borrower to pay to the lender what is really and *bona fide* due to him. *Scott* v. *Nesbit*, 2 Bro. Ch. R. 641; *Mason* v. *Gardiner*, 4 Bro. Ch. R. 436; 1 Fonbl. Eq. B. 1, c. 4, § 7, n. k; 1 Story Com. Eq. § § 301, 302.

The decree at *Nisi Prius* is affirmed, with additional interest and costs.

Shepley, C. J., and Tenney and Appleton, J. J., concurred.