[Whetstone *et al.* v. McQueen.]

# Whetstone *et al. v.* McQueen.

*Bill in Equity to redeem Lands sold under a Mortgage.*

1. *Right of appeal does not exist after judgment or decree has been carried into effect.*—After an appeal has been taken from a judgment or decree, a party who avails himself of such judgment or decree by coercing its payment or otherwise enforcing it, is held to affirm its correctness, and is denied the right to vex the defendant in execution by requiring him to litigate in the appellate court over matters determined by such judgment or decree; and this rule obtains except where the appeal involves a *bona fide* dispute over matters apart from or in excess of its adjudication in the trial court, or where the appellate court can clearly see that under the facts presented a new trial ought not to result in diminishing the recovery.

2. *Executor and administrator; when final settlement does not amount to discharge of administrator.*—A final settlement of his accounts by an administrator, though regularly made, and a distribution of the funds of the estate to the parties entitled thereto, do not discharge him from further accounting unless there is an order of the court discharging him.

3. *Mortgagee in possession; only entitled to compensation for repairs; redemption.*—A mortgagee in possession is only entitled to compensation for improvements made by him which were necessary to keep the premises in proper repair; and, therefore, in a suit to redeem property sold under a mortgage, the mortgagee purchasing at said sale will be allowed to retain from the rents and profits, only the value of the reasonable expenditures made for taxes and for necessary repairs.

4. *Equity pleading; when respondent not entitled to amend answer.*—In a suit in equity, where a decree has been rendered settling the equities in the case, and the register has stated an account in accordance with such decree, the chancellor does not err in refusing to allow a defendant at the time of the hearing of the report of the register and the exceptions thereto, to amend the answer theretofore filed to the bill.

[Whetstone *et al.* v. McQueen.]

5. *Same; when defendant not entitled to repudiate an answer filed and to file another answer.*—In a suit in equity, where a decree determining the equities of the case has been rendered and the register has held a reference and stated an account in accordance with said decree, upon the hearing of the report of the register, a defendant in whose behalf an answer had previously been filed, can not, at that time, repudiate such answer and file another answer; and this is especially true where no affidavit or other evidence is offered in support of the ground on which his application is made.

6. *Equity pleading and practice; an order of reference may be made in term time.*—Under Rule 1, of Chancery Practice, (Code, p. 1202), it is permissible for the chancellor to make an order of reference before the register out of the regular term of the court.

7. *Same; when note of testimony not required.*—Where a cause in equity is submitted for final decree alone on the register's report and exceptions thereto, the rules of chancery practice requiring the making of a note of testimony offered at the hearing, (Rules of Chan. Prac. 76, 77, Code, p. 1218), are not applicable.

8. *Bill for redemption; when decree for rents proper.*—Where on a bill filed for redemption from under a mortgage, the chancery court has assumed jurisdiction for the purpose of discharging the mortgage, it is authorized to settle the whole controversy; and, therefore, can award the complainant a decree for any surplus due for rents.

9. *Final settlement of administrator; when not discharged from liability.*—A voluntary final settlement by an administrator and the distribution by him of the assets belonging to the intestate's estate, do not discharge him from liability to one who by reason of minority, had not presented a claim against the estate; the statute of non-claims not having application to such minor.

10. *Same; same.*—The mere want of notice of a debt or claim against an estate of a deceased person will not excuse the executor or administrator from the payment or satisfaction of such debt or claim, if the assets were originally sufficient to pay the same, although such executor or administrator in ignorance of the existence of the debt or claim has made a *bona fide* distribution of the assets to the heirs or parties entitled to share in the estate.

11. *Redemption; when tenant in common can redeem the whole*

[Whetstone *et al.* v. McQueen.]

*property and is entitled to all the rents.*—Where the equity of redemption is owned by several persons as tenants in common, one of them may redeem the whole property. and is entitled to recover all of the surplus rents and profits shown to be due from the mortgagee in possession, after the payment of the mortgage debt; and this is true, although at the time of the filing of the bill seeking the redemption, the rights of all the other tenants in common were barred by the statute of limitations. (DOWDELL and SHARPE, JJ., *dissenting.*)

APPEAL from the Chancery Court of Autauga.

Heard before the Hon. RICHARD B. KELLY.

The bill in this case was filed on September 25, 1895, by one Lola McQueen, against. W. D. Whetstone as administrator of the estate of Mills Rogers, deceased, Maude Rainey and Mackey Davis, children and heirs at law of Mills Rogers, deceased, W. H. Hunt as administrator of the estate of Jacob Faber, deceased, and sought to redeem certain lands under a mortgage, which lands were specifically described in the bill. This is the third appeal in this case and special reference is here made to the reports of the case on the former appeals, (121 Ala. 191; 127 Ala. 417), where the facts as averred in the bill and the answers and the evidence are shown. The last appeal (127 Ala. 417), was taken from a decree rendered by the chancellor on October 13, 1896, and on that appeal it was held that said decree was a final decree. After the remandment of the cause on said last appeal, the register proceeded to hold a reference in accordance with said decree which had been previously rendered. The respondents objected to any reference being held, because the order or decree for the reference had been made by the chancellor in vacation against the objection of the respondents and was made without any note of testimony. This objection was overruled by the register. On the reference it was admitted by the parties, that the rent of the lands involved in the cause should be $250 for each of the years 1899 and 1900, which was the same amount allowed for the year 1898. The respondents introduced evidence tending to show that

Atwood McQueen and Claude McQueen, brothers of the complainant and children of J. D. McQueen, were respectively 25 and 26 years of age at the time the bill in this case was filed. The complainant objected to this evidence, when it was offered, and moved to exclude it on the ground that it was irrelevant and immaterial to any question before the register on the reference, and the register sustained the objection.

The respondents offered in evidence testimony showing that they had built on the premises, after the foreclosure of the mortgage, a barn worth $50, a gin house and screw valued at $50 and that they had covered the dwelling on said lands at an expense of $90, and had built two or three log cabins on the place valued at from $50 to $85.

The complainants offered evidence to show that the defendants had committed waste on the lands conveyed in said mortgage, and also introduced evidence tending to show that houses which were on the place when respondents took possession thereof had been allowed to go to decay and had been removed, and that the value of the lands by reason of such waste had been reduced to the extent of $1,000, and that the dwelling had depreciated in value to the amount of $500.

The respondent, W. D. Whetstone, as a witness testified that the answer filed for him in the case had been filed by one Thomas W. Sadler, Esq., without the knowledge or consent of said Whetstone, and that he, Whetstone, had never been served with a summons in the case. The complainant moved to exclude this testimony of the respondent, W. D. Whetstone, which motion was granted. It was admitted on the reference by the parties to the suit, that the records of the probate court of Autauga county did not show that W. D. Whetstone was discharged as administrator of the estate of Mills Rogers, deceased, but they do show that he made a final settlement of said estate in said court and distributed all the funds of said estate to the parties entitled thereto. In his report of reference, the register reported that the respondent should be allowed

a credit of $90, for covering the main dwelling house on said land, but further reported that the other improvements put upon the said lands by the respondents were of such a primitive nature that they had long since gone to decay, and those that still remained were not as valuable as the improvements that were on the land when the mortgagee or his representatives went into possession of the same, and, therefore, reported that no charge should be made against the respondents for waste. They also reported that the respondents should not be allowed anything for clearing a portion of said lands, because he was of the opinion that most of the lands cleared up were suffered to grow up after the respondents went into possession of the same. The register further reported that after stating the accounts between the complainant and the respondents, in accordance with the order of the court, W. D. Whetstone, as the administrator of the estate of Mills Rogers, deceased, was chargeable with the rents for the use and occupation of said lands from January 1, 1887 down to and including the year 1891 when he made final settlement as the administrator of said estate, which amounted to $6.078.37, and further that Maude Rainey had received the rents and profits arising from said lands from January 1, 1892, down to the time of stating the account, and was, therefore, indebted in the sum of $2,046.82.

The complainants filed an exception to the report of the register upon the ground that in such report the register did not allow any credits to complainants for waste of the mortgaged premises done or suffered by the respondents after they had taken possession of the mortgaged premises. The respondents, Maude Rainey and W. D. Whetstone as administrator, filed separate exceptions to the report of the register upon the following grounds: 1. That said reference was decreed by the chancellor against the exception of the respondents without any note of testimony. 2. The register could not have excluded the evidence offered to show that Atwood and Claude McQueen, brothers of the

20c

complainant and children of the deceased, were respectively 25 and 26 years of age at the time the bill in this cause was filed, for the reason that such evidence showed that Atwood and Claude McQueen were barred of all claim to said lands or for rent at the commencement of the suit, and that, therefore, the complainant by such evidence would have been shown to be entitled to only 1-3 of the surplus rents of said lands accruing after the mortgage debt had been paid. 3. That the register should not have allowed the complainant more than 1-3 of the surplus rents after the 1st day of January, 1881, when the debt was paid. 4. That the register should have charged the complainant with the value of the improvements which had been paid upon the mortgaged lands by the respondents. 5. That the register should have charged the complainant for the clearing of the lands on the mortgaged premises.

The respondent, W. D. Whetstone, as administrator also excepted to the allowance of any rent against him whatever upon the ground that prior to the commencement of this suit he had made a final settlement of the estate of Mills Rogers and by the decree previously rendered in this cause it was judicially ascertained that he had been discharged in 1891 as administrator of said estate.

After the filing of the report of the register, the respondent Maude Rainey, asked leave to amend her answer previously filed to the original bill by adding at the end of said answer averments that she and Atwood McQueen and Claude McQueen were the three children of J. D. McQueen and that at the time of the filing of the bill Atwood and Claude McQueen were respectively 25 and 26 years of age and were barred of any right to redeem the mortgaged premises, or to have an accounting with the administrator of Mills Rogers or the distributees thereof for the rents of the lands mentioned in the bill, and that, therefore, the complainant was not entitled to redeem more than 1-3 of said lands, nor was she entitled to more than 1-2 of the rents of said lands. She further wished to amend said

[Whetstone *et al.* v. McQueen.]

bill by adding thereto a plea setting up such facts. After the filing of the report of the register, the respondent W. D. McQueen, as administrator of the estate of Mills Rogers, deceased, asked leave to amend the answer thereto filed in his behalf by filing an answer to the original bill, in which he repudiated the answer theretofore filed in his name on the ground that he never authorized any one to file the same and was never servide with process in the suit. In the answer which he asked leave to file, he further wished to set up a defense to the maintenance of the bill and averred the facts as to the children of J. D. McQueen as set forth in the amendment sought to be made by Maude Rainey to her answer. He also asked that said answer be treated as a plea.

On March 4, 1901, a consent decree was rendered in which it was decreed that the mortgage debt had been paid and that the parties in possesion of the mortgaged premises were required to deliver up and surrender possession of said lands to the complainant. On July 9, 1901, the following decree was rendered: "This cause was submitted at said term for confirmation of the report of the register which was this day read in open court, and for decree on said report, and upon the motions of respondents Whetstone and Rainey to amend their respective answers to set forth in the several amendments this day proposed to be filed and so marked thereon by the register, and upon the exceptions to said report of the register, and by consent the same was held for decree in vacation. Upon consideration, it is ordered and decreed that the motions of the several respondents to amend their several answers be and the same are hereby each severally and separately overruled and denied. It is further ordered and decreed that said report of the Register be and the same is in all things confirmed, and that complainant have and recover of the respondent Whetstone as administrator of the estate of Mills Rogers, deceased, the sum of six thousand seventy-eight and 37-100 dollars, with interest thereon from March 4, 1901, as shown by the report of the register filed in this cause on February 5,

1901, on account of the rents of said mortgaged premises referred to in the pleadings in this cause, to be levied on the goods and chattels of said Mills Rogers, deceased, in the hands of said Whetstone, unadministered; and if an execution issued against said Whetstone as such administrator is returned unsatisfied, then let execution therefor issue against said Whetstone individually, according to the statute in such cases made and provided. It is further ordered and decreed that complainant have and recover of the respondent Maude Rainey two thousand eighty-four and 82-100 dollars, with interest thereon from March 4, 1901, on account of the rents of said mortgaged premises as shown by the report of the register which was read in this cause on March 4, 1901. It is further ordered and decreed that all the right, title and interest which any of the respondents have or had in and to the lands mentioned in the pleadings in this cause as the personal representative or heirs of said Mills Rogers, deceased, be and the same is hereby divested out of said respondents and invested in complainant. It is further ordered and decreed that the respondents Maude Rainey and W. D. Whetstone as the administrator of the estate of Mills Rogers, deceased, pay the costs of this suit, to be taxed by the register, for which let execution issue; and if execution for said costs be returned not satisfied, then let execution issue against complainant therefor, that is for the costs not collected from the respondents, but not to exceed in amount the costs created by complainant."

From this decree rendered July 9, 1901, the respondents appeal and assign the rendition thereof as error. The complainant also prosecutes a cross appeal.

WATTS, TROY & CAFFEY, DRYER & WEBB and C. P. McINTYRE, for Whetstone, *et al.*—The chancellor erred in not allowing the defendant Rainey to amend her answer, and in refusing to allow the defendant Whetstone to repudiate the answer formerly filed in his behalf, and to file another answer. The decree which had

been previously rendered was not such a final decree as would not permit the defendants to amend their answer at "any time before final decree" as provided by section 706 of the Code; *Rainey v. McQueen,* 121 Ala. 197; *Comer v. Shehee,* 30 So. Rep. 95; *Adams v. Sayre,* 76 Ala. 517; *Malone v. Marriott,* 64 Ala. 486; *Randall v. Boyd,* 73 Ala. 282; *Jones v. Wilson,* 54 Ala. 50; *Walker v. Crawford,* 70 Ala. 567; *Cockran v. Miller,* 74 Ala. 63.

Unless the mortgagee takes possession *as mortgagee* he cannot be made to account in equity.—*Bickerton v. Guttery,* 124 Ala. 382; *Daniel v. Coker,* 70 Ala. 267.

A mortgagee rightfully in possession, as trustee of the mortgagor, is responsible only for rents actually received, in the absence of fraud or wilful neglect, and only for waste wantonly committed, or fraudulently or negligently.—*Daniel v. Coker,* 70 Ala. 266; *Gresham v. Ware,* 79 Ala. 199.

The rents with which the mortgagor is chargeable, must be estimated on the value of the property when he took possession, and not on the increased value by reason of permanent improvements subsequently made. *Gresham v. Ware,* 79 Ala. 199.

All reasonable expenditures for taxes, necessary repairs, and other necessary expenses incurred on account of the estate, the mortgagee is allowed to retain from the rents and profits; and it is the balance only which may be applied in extinguishment of the mortgage debt. An accounting is necessary to the ascertainment of the balance. The law does not apply the balance of the rents and profits to the mortgage debt; for, at law, they accrue to the mortgagee, as the owner of the legal estate. It is in equity only the application is made, in the nature of an equitable set off, and as an incident to the right of redemption. The remedy is exclusively in equity as a mere incident to the right of redemption. In a court of law, the mortgagee is regarded as having received only and simply the issues of his own estate.—*Toomer v. Randolph,* 60 Ala. 356; *Daniel v. Coker,* 70 Ala. 266; *Turner v. Wilkinson,* 72 Ala. 361; *Farris v. Houston,* 78 Ala. 250; *Lovelace v.*

*Hutchinson,* 106 Ala. 422; *Keith v. McLaughlin,* 114 Ala. 63.

The possession of the mortgagee after the law day of the mortgage, is in hostility to, and adverse to the mortgagor; and, without an account of rents and profits, or other recognition of the mortgagor's equity of redemption, for the period which under the statute of limitations, would bar an action at law, if the right and remedy were legal, would by analogy bar the mortgagor of a bill to redeem. The statute is as applicable to equitable as to legal title and demands.—*Coyle v. Wilkins,* 57 Ala. 108; *Byrd v. McDaniel,* 33 Ala. 18; *Gilmer v. Morris,* 80 Ala. 78.

Which, in cases of redemption of real estate, is ten years.—*Cooper v. Hornsby,* 71 Ala. 62; *McCoy v. Gentry,* 73 Ala. 110.

"The spirit of modern jurisprudence is to shorten the time in which business transactions may be made the subject of judicial contention. Statutory bars are shortened, and the courts of the country at the present time are much more inclined than they were formerly to discourage and discountenance the stirring up of ancient or stale demands. The theory on which the modern policy rests is, that claims of real merit, in these stirring times, will not be permitted to slumber through an indefinite and unreasonable number of years. And when the case presented is one of patent inequality, one in which the right claimed has no corresponding liability resting on the claimant, courts are much more averse to granting active relief, than if the liabilities were mutual. This court has placed itself unmistakably on the side of the shorter limitations, and the discouragement of stale claims."—*Gilmer v. Morris,* 80 Ala. 86; *Gordon v. Ross,* 63 Ala. 363; *Cotton v. Cotton,* 75 Ala. 346; *Nettles v. Nettles,* 67 Ala. 600.

Where several persons join as complainants in a bill, if one of them is barred by laches, lapse of time, or the statute of limitations, no relief can be granted to the others. So where a trustee purchases at his own sale, where one of the beneficiaries is barred, and he is joined

as party complainant, none can obtain relief.—*James
v. James* 55 Ala. 525; *Taylor v. Robinson,* 69 Ala. 269.

Had the two heirs of the mortgagor, who were barred
by lapse of time, joined in the bill with the complain-
ant, it would not have been necessary to plead the stat-
ute of limitations or demur to the bill for that reason.
Ordinarily a statute of limitation is a personal privi-
lege, which is waived if not set up by plea or demurrer.
The possession of the mortgagee is hostile and adverse
to that of the mortgagor, and the ten year's limitation
on adverse possession of the land is adopted by anal-
ogy. It is not necessary to plead it in actions of eject-
ment. When it exists it arms the adverse holder with
all the powers of offense and defense which an un-
broken chain of title confers, and enables him to suc-
cessfully prosecute or defend an ejectment.—*Barclay
v. Smith,* 66 Ala. 230; 3 Brickell's Digest, p. 18, § 50.

Hence, it is an every day practice to set up the de-
fense of ten years when it relates to the land in actions
of ejectment under the plea of general issue.—*Bynum
v. Gold,* 106 Ala. 427; *Richardson v. Stevens,* 114 Ala.
238; *Smith v. Cox,* 115 Ala. 503; *McClendon v. E. Mtg.
Co.,* 122 Ala. 384.

GUNTER & GUNTER, for McQueen.—The deceased
was under a liability as bailiff and trustee of the prop-
erty in question, *of which he was in possession.* His
administrator was bound to carry out his engagement
respecting the same. He received the possession as ad-
ministrator, collected the rents as such and disposed of
the possession as administrator; and upon authority
the administrator is liable as such. And, indeed, nei-
ther the administrator nor either of the heirs sets up
in this case that the liability, if any exists, does not
rest upon the administration as such, and surely no
one else has any right to set up such a plea. If such
liability exists how much more would a liability exist
for rents of a chattel interest in lands in the posses-
sion of the testator and retained by his administrator
after his death as assets of the estate.—*Wall v. Kel-
logg,* 16 N. Y. 383; *Nichols v. Michael,* 80 Am. Dec.

265, notes; *Van Slooten v. Dodge*, 145 N. Y. 331; *Duffy v. Neal*, 7 Fed Cases 1171.

As to the statement that it is inequitable for complainant to recover the shares of the two brothers, that point was fully considered on the last appeal, and was settled as being already of *res judicata* and no longer an open question. The redeeming party is required to redeem the entire mortgage and of course he is entitled to all the property and rents. As to the presentment of the plaintiff's claim to the administrator, the plaintiff was an infant until the filing of the bill in this case, and the law did not require any presentment of her claim against the estate until it was presented. The administrator was bound to take notice of the contingency of such claims, and, besides, he had express notice of the claim by the chain of title under which he held the premises in dispute. The administrator could have, and should have protected himself against all claims at the time, by requiring a refunding bond from the heirs before delivering the assets to them. It must be presumed that he did take such bond in this case, and, if not, it was his own fault which he cannot in any manner charge up to us.—*Thrash v. Sumwalt*, 5 Ala. 13; *Dean v. Portis*, 11 Ala. 104; 2 Williams on Executors, §§ 1209-13; 1308; Croswell on Executors, 356; *Cochran v. Robinson*, 11 Sim. 378; *Fletcher v. Stephenson*, 3 Hare 360; *Dobson v. Carpenter*, 12 Beav. 370; *Williamson v. Mason*, 18 Ala. 87; *Whitfield v. Wolff*, 51 Ala. 206; *Cowles v. Marks*, 61 Ala. 299.

It seems clear that he had no right to amend his answer after the final decree in the cause, and thereby to start up a new litigation. Code, § 706. It seems, also, quite clear that the chancellor had a perfect right in vacation, under Rule 1 of Chancery Practice, to direct the register to proceed in taking the account. The case of *Ex parte Branch*, 63 Ala. 383, and authorities there cited, and the case of *Central Trust Co. v. S. & B. C. I. & Ry. Co.*, 60 Fed. Rep. 9, and the authorities there cited, show conclusively that the court had full authority to direct the register to proceed with the ref-

erence. The order was strictly interlocutory, and was for carrying into execution the previous decrees and orders of the court. There was no need for a new note of testimony; there was no testimony to note; the case was submitted upon the previous proceedings in the cause, and the decree of the chancellor only amounted to a *procedendo.* But, if all this were otherwise, the appellants should not have acquisced in the order and participated in the proceedings, and by so doing have estopped themselves from now objecting.—*Byrd v. Mc-Daniel,* 26 Ala. 582; *Stallings v. Newman,* 26 Ala. 310; *DeArman v. The State,* 71 Ala. 361; *St. Clair v. Caldwell & Riddle,* 72 Ala. 527; *Winn v. Dillard,* 60 Ala. 369.

SHARPE, J.—In February, 1876, J. D. McQueen mortgaged the lands in controversy to Jacob Faber and Mills Rogers for the purpose of indemnifying them against liability they had incurred as sureties for the mortgagor McQueen on certain notes due in February, 1877, and for the further purpose of securing Faber individually for supplies which were to have been furnished by him subsequent to the execution of the mortgage. J. D. McQueen died in October, 1876, and in May, 1877, Faber and Rogers proceeding ostensibly under a power in the mortgage sold the lands and Rogers assumed the bid made therefor and took possession of the lands. In December, 1877, administrators of McQueen's estate acting under an order of the probate court attempted to sell what was claimed to be an equity of redemption in part of the lands and Rogers pursuant to a bid made by him at that sale paid those administrators $580 which was used as assets of McQueen's estate. Rogers held possession of the lands until July, 1883, when he died. Later the respondent administrator of Rogers' estate went into possession of and held the land until in 1891, when he made a final settlement of Rogers' estate. Thereafter in 1892, the respondent Maude Rainey who was an heir of Rogers and the transferee of the interest of his only other heir took and held the possession.

In September, 1895, complainant who is one of three heirs of J. D. McQueen, deceased, and who had shortly before arrived at the age of twenty-one years, filed the bill attacking the sale made by order of the probate court as invalid, and praying in substance that complainant be decreed to be entitled to redeem and to have the land on the payment of such sum as might be decreed as equitable, and for a decree against the persons chargeable therefor for the value of the use, occupation and rents of the land, and that the mortgage be declared satisfied and for general relief.

On a first hearing the chancery court rendered a decree establishing complainant's right to relief on terms that she should account to the estate of Rogers for the $580 paid by Rogers to the administrators of McQueen's estate pursuant to the sale they attempted by order of the probate court. That decree was appealed from and was affirmed by this court.—*Raney v. McQueen,* 121 Ala. 191. Thereafter an accounting was had and a decree thereon was appealed from. This court then treating the bill in the aspect of a bill for redemption held that the complainant's right of redemption extended beyond her third interest in the mortgaged property to the property as a whole. See report of the case in 127 Ala. 417. Since the last remandment another reference has been held and from the register's report thereon it appears that $20,264.52 besides other personal property belonged to Rogers' estate and went to the heirs of that estate, that there was no debt owing on the mortgage, and that the respondent administrator of Rogers' estate was charged as for the rental value of the lands and interest, for the time they were in the possession of Rogers and of his administrator, respectively, and was credited with items of interest, taxes and repairs and with the $580 paid into McQueen's estate by Rogers pursuant to the sale attempted under the probate court's order. The report shows further that the respondent Raney was charged as for the rental value of the land, with interest, during her possession less expenditures by her for

taxes, with interest. The court by its decree confirmed the register's report and directed that the complainant have the land and recover of Whetstone as administrator the balance standing against him on the account as stated, viz., $6,078.38, and directed that in case an execution therefor against him as administrator was returned unsatisfied, another should be issued against him individually; and it was further decreed that complainant recover of respondent Raney the balance standing against her on the account, viz., $2,846.82. From this decree (the complainant and also the respondents Whetstone, administrator, and Raney have appealed. Those respondents here move to dismiss the complainant's appeal and this motion is submitted upon a written admission of facts which recites that "an execution was duly issued on the decree in this case against Maude Rainey and was levied on property which was heretofore sold thereunder and was bought by plaintiff. Also execution against Whetstone under which property was levied on and sold and bought by plaintiff McQueen. * * * Said sales were made after the appeals were taken."

The motion to dismiss the complainant's appeal must prevail. In general a party who avails himself of a judgment or decree by coercing its payment is held to affirm its correctness and is denied the right to vex the defendant in execution by requiring him to litigate in the appellate court over the matters determined by the judgment.—*Hall v. Hrabrowski,* 9 Ala. 278; *Bradford v. Bank,* 10 Ala. 274. There are exceptions to this rule as where the appeal involves a *bona fide* dispute over matters apart from or in excess of those adjudicated in the trial court, or where the appellate court can clearly see that under the facts presented a new trial ought not to result in diminishing the recovery. *Phillips v. Towles,* 73 Ala. 406. This case does not fall within such exceptions.

To be considered on the appeal of respondents, there is evidence in the form of an admission that the records of the probate court do not show that Whetstone was discharged as administrator of the estate of Rogers

but do show that he made a final settlement of that estate and distributed all the funds thereof to the parties entitled thereto. These facts do not show necessarily that Whetstone has ever been divested of his administrative capacity.—*Simmons v. Price,* 18 Ala. 405; *Norman v. Norman,* 3 Ala. 389; *Ligon v. Ligon,* 84 Ala. 555; 2d Woerner on Am. Law of Administration, § 572. For the purposes of the accounting and binding the estate of Rogers to a decree with respect thereto he stands in the place Rogers if in life would occupy, and the latter having been presumably cognizant of all the circumstances under which he took and held the mortgaged land, was bound to know the infirmities of his tenure which were pointed out in the opinion rendered on the first appeal. Such knowledge being imputed to Rogers, belief on his part that the equity of redemption had been extinguished could not reasonably have consisted with his knowledge of the facts. Therefore, there is nothing in the character of Rogers' possession which exempts it from the operation of the usual rule which denies to a mortgagee in possession compensation for improvement other than such as are necessary to keep the premises in proper repair. The items claimed for improvements made by Rogers, and rejected by the register, are not shown to have been for repairs. We do not find the register's action in stating the account is in any particular at variance with the evidence or the law as heretofore declared in this case, nor do we find that error was committed in the exclusion of evidence offered by respondents or in the action of the court in refusing at the final hearing to allow respondent to amend her answer as was then proposed. Defendant Whetstone was not entitled to repudiate at the last hearing the answer standing in his name, for the reason if for no other that no affidavit or other evidence was offered in support of the ground on which his application was made.

Under rule 1 of chancery practice the making of the order of reference out of the regular term is unauthorized. The cause having been submitted for final decree

alone on the register's report and exceptions thereto, rules 76 and 77 of chancery practice which require the making of a note of testimony offered at a hearing are without application.

Having acquired jurisdiction for the purpose of discharging the mortgage, the chancery court had jurisdiction to settle the whole controversy and, therefore, to award complainant a decree for the surplus due her as rents.—*Gunn v. Brantley*, 21 Ala. 633; *Farwell v. Sturdivant*, 37 Me. 308; *Johnson v. Loftin*, 111 N. C. 319; *Tyler v. Brigham*, 143 Mass. 410; Story's Eq. Jur. § 64.

The voluntary settlement and distribution made by Whetstone, administrator, of assets belonging to Rogers' estate did not discharge him from liability to complainant. By reason of her minority she was not required by the statute of non-claims to make presentation of her claims for rents and profits at a time earlier than when her bill was filed.—Code, § 131. For the same cause she is exempt from the imputation of laches. "The mere circumstance of want of notice of a debt or claim against the estate of the deceased will not excuse an executor or administrator from the payment or satisfaction of it, if the assets were originally sufficient for that purpose, notwithsanding that, in ignorance of the existence of the debt or claim, he has *bona fide* handed over the assets to legatees or parties entitled in distribution."—Williams on Extrs., 6 Am. ed'n, 1456; Woerner's Am. Law Administrations, § 451. Such is the common law rule and it has not in this State been abrogated though there are here statutes whereunder an administrator may be protected in distribution made pursuant to the taking of refunding bonds. Section 859 of the Code provides that "in all cases where an account is taken between the parties execution as at law may issue for the amount of indebtedness ascertained by the decree of the court," and section 347 which authorizes the issuance of execution against an administrator personally after the return of no property on an execution from the circuit court has been construed in connection with section 857 of

the Code as authorizing like proceedings in the chancery court.—*Allen v. Allen,* 80 Ala. 154. These considerations lead us to the conclusion that if the decree be deemed correct in awarding the right to all the balance shown by the register's report it was also correct in the direction given for the ultimate issuance of execution against Whetstone individually. Thus far the members of the court are in agreement.

A majority of the court holds that complainant has in this proceeding a right to recover on account of the surplus rents and profits to the extent of the whole of the balances standing in the register's report against the respondents Whetstone, administrator, and Raney, respectively, and that the decree appealed from should be affirmed.

The writer and Justice DOWDELL dissent from this conclusion, being of the opinion that complainant's money decrees should be limited to one-third of the balances referred to. This because in their opinion complainant's interest in the claim for rents not necessary for the extinguishment of the mortgage corresponds merely with her equitable interest in the land, as the same existed prior to the final decree. That interest is not shown to have been in excess of one-third of the entire equity, which according to the averments of her bill, originally resided in herself and her two brothers in common. The facts that complainant alone filed the bill and is allowed to redeem the entire land do not work an enlargement of her interest in the land before the rendition of the final decree, nor do these facts enlarge her right to such surplus rents which are merely the basis of a personal claim.

The cause will be disposed of here in accordance with the majority opinion.

DOWDELL and SHARPE, JJ., *dissenting.*