# Supreme Lodge Knights and Ladies of Honor *v.* Wing.

*Bill in Equity to establish the Beneficiary under a Relief Fund Certificate.*

1. *Equity pleading; sufficiency of plea.*—Where a bill is framed upon two theories, a plea which, although filed to the bill as a whole, sets up facts in bar of a recovery by the plaintiff upon only one of the theories of the bill, but does not extend to or cover the whole bill, is bad and insufficient as an answer to such bill.

APPEAL from the Chancery Court of Mobile.

Heard before the Hon. THOS. H. SMITH.

The bill in this case was filed by the appellee, Sadie E. Wing, against the Supreme Lodge Knights and Ladies of Honor. The purpose of the bill was to relieve complainant of a technical failure or omission by H. J. Welch to comply with a by-law of defendant in reference to changing the beneficiary named in her relief certificate and to decree the payment of the money to complainant.

The facts as shown by the bill, succinctly stated, are as follows: In 1878 the defendant was granted a charter by the State of Kentucky to insure the lives of its members by its policies, or "relief fund certificates," payable to the member's family, or as he or she may direct. In February, 1880, H. J. Welch became a member of the defendant and there was issued to her a relief certificate for $1,000, payable to G. W. Welch, her

husband, who died in January, 1900. On the back of
this certificate was printed a form for the changing of
the beneficiary. At the time of the issuance of this cer-
tificate the only law of the defendant prescribing how
a member may change the beneficiary was this: "Re-
lief fund certificates shall be issued to all members who
have complied with the provisions of sections 1 and 4,
law 11. A relief certificate shall not be changed, nor a
new one issued, until the original is surrendered; Pro-
vided, that when a relief fund certificate is lost or de-
stroyed, a new one may be issued upon a certificate
signed by the protector and attested by the secretary,
with the seal of the lodge attached, setting forth the
fact. The fee for a new certificate shall be fifty cents."
Said H. J. Welch continued a member, in good standing,
until her death, May 2, 1900. Said H. J. Welch had
no children, and no known kin.  Complainant was a
member of H. J. Welch's family, and her ward,—said
H. J. Welch having taken out letters of guardianship
over complainant's person in 1896,—and was in a meas-
ure dependent upon said H. J. Welch. Subsequent to
the issuance of said certificate, defendant adopted a
by-law requiring members who desired to name some
one as a beneficiary not related to them, to make affida-
vit of the dependency of such beneficiary upon them.
This later rule or by-law was not complied with by said
H. J. Welch, and the bill sets forth the reason why it
was not. The bill in the first place sets forth facts which
complainant insists show that this later by-law was not
operative upon the original contract of membership
made by defendant with said Welch, to-wit: that said
H. J. Welch had a right to name any person, although
not related to nor dependent upon her, the beneficiary
of her relief fund certificate, and besides, as complain-
ant was the only member of H. J. Welch's family
after the death of Geo. W. Welch, her husband, com-
plainant was, by virtue of that relation, under the char-
ter of defendant, entitled to the money even though no
change was made in the certificate. The bill then goes
on to show that said H. J. Welch surrendered her orig-
inal certificate, with the blank form printed on the back

thereof, filled in with complainant's name as the beneficiary; that she paid the fifty cents for a new certificate; and this change of beneficiary was attested by the secretary of the local lodge under the seal thereof, and was by the secretary sent to the supreme secretary, who refused to issue the new certificate unless said H. J. Welch would make an affidavit of complainant's dependency upon her. The bill then shows that the failure of said H. J. Welch to make this affidavit was because that, after surrendering said original certificate, and before the supreme secretary made this demand, she became so desperately ill, mentally and physically, that she was never able to do so, and died without being able to comply with such demand; and further ther that there were no relatives of H. J. Welch trying to collect the claim on the benefit certificate.

The prayer of the bill was that the complainant be decreed to be a beneficiary of such relief fund certificate and entitled to the money due thereon, and that the defendant be required to pay said money to the complainant. The defendant filed a plea to the whole bill, which sets up in bar to all the relief under any and each phase of the bill the failure of said H. J. Welch to make the affidavit as required by the by-laws of the order. This plea sets out these by-laws and avers that they were not complied with by the said H. J. Welch. The plea does not confess and avoid, nor does it deny the averments of the bill as to this second phase showing why said H. J. Welch did not make the required affidavit.

On the submission of the cause on the sufficiency of the plea, the chancellor rendered a decree declaring said plea insufficient and overruling it. From this decree the defendant appeals, and assigns the rendition thereof as error.

B. B. Boone, for appellant, cited *Sanger v. Rothschild*, 123 N. Y. 577; *Arthur v. Odd Fellows*, 29 Ohio St. 557; May on Insurance, § 552; *Ind. Order of Red Men v. Schmidt*, 57 Md. 106; *Union Mut. Asso v. Montgomery*, 14 Am. St Rep. 525; *Wendt v. Legion of Honor*, 72 Iowa 682; *Holland v. Taylor*, 11 Ind. 121.

[Supreme Lodge Knights and Laaies of Honor v. Wing.]

L. H. & E. W. FAITH, *contra*, cited 2 Daniel on Pl. & Pr. 782; Story's Equity Pleadings, § 694; *Platt v. Oliver*, 1 McLean 393, note; *Allen v. Randolph*, 4 Johns. Ch., 693.

TYSON, J.—This appeal is prosecuted to review a decree overruling respondent's plea. The only matter for our consideration is the sufficiency of that plea. The defense attempted to be invoked by it goes to the entire bill. The bill is framed upon two theories. The first is, that the by-laws set up in the plea, and shown by the bill, were not binding upon Mrs. Welch, the holder of the "Relief Fund Certificate" sought to be collected. The second is, admitting the binding force of the by-laws, a non-compliance by Mrs. Welch with them was excusable under the circumstances alleged therein.

The plea is but a reiteration of the facts alleged in support of the first theory of the bill. In other words, it simply invokes the efficaciousness of the by-laws which the bill in the first aspect denies were obligatory and does not profess to deny or confess and avoid the facts alleged in support of the other phase of the bill. It, therefore, does not extend to or cover the whole bill and is bad.—Story's Eq. Pleading (10th ed.), § 693; 16 Ency. Pl. & Pr. 604; *Platt v. Oliver*, 1 McLean, 303; *Allen v. Randolph*, 4 Johns. Ch. 693. Indeed, it might be said to extend to or cover no part of the bill, for the reason that it fails to traverse or confess and avoid the facts alleged in support of the first phase of the case as made by the bill. It cannot be made to perform the office of a demurrer, and in that way raise an issue of law. This is practically all the plea does with respect to the facts relied upon to support the first theory of complainant's bill.

Affirmed.