# Francis, *et al. v.* White.

### Bill For Redemption.

(Decided April 15, 1909.   49 South. 334.)

1. *Redemption; Execution Sale.*—Redemption of land sold at execution sale must be of the entire tract sold, and cannot be by piecemeal.

2. *Same; Requisites.*—Where one seeks to exercise a statutory right of redemption under section 5746, et seq., Code 1907, he must conform to the statute by delivering possession to the purchaser and paying or tendering the purchase price and 10 per cent per annum thereon, and must pay all lawful charges and the value of the permanent improvements ascertained in the manner directed, the performance of the condition specified in this statute being a condition precedent to redemption, and the revesting of title, in the debtor.

3. *Same; Resort to Equity.*—It is contemplated by the statutes authorizing redemption that the redemption shall be perfected out of court between the parties by each doing that which the statute directs, and a resort to equity is necessary only when the purchaser or creditor refuses to accept the tender and re-convey, and declines to inform the debtor of the amount necessary to be tendered when known to the creditor and not to the debtor or when it is impossible or impractical for the debtor to conform to the statute without the aid of equity; so, where the debtor knows the amount which he must pay or tender, or where by the exercise of due diligence he may ascertain it without the aid of equity, a bill to redeem will not lie.

4. *Same.*—A bill for redemption must aver a payment or tender of the amount required by statute or show a valid excuse for failure to do so, such as the non-residence of the purchaser or the redemptioner's inability to ascertain the amount necessary to be paid or tendered, and while payment or tender of the amounts necessary to redeem are not in all cases a prerequisite to a bill to redeem, yet it is essential to the perfection of the right to redeem, and the bill must aver and offer to pay or tender such amount whenever as-

certained or show a valid excuse for not doing so, as well as a good reason why the aid of equity is necessary.

5. *Same.*—A bill which shows that the redemptioner cannot ascertain the amount of the lawful charges without the aid of equity or of the purchaser, and that the purchaser refuses to aid complainant or to inform him of the true amount, and which contains an offer from complainant to pay the amounts which the statutes require as a condition of precedent to redeem, is sufficient.

6. *Same; Equitable Jurisdiction.*—In a proceeding to redeem land sold at judicial sale, equity has jurisdiction and power to compel both parties to discharge the duties imposed by the statute, and will aid either party to enforce his rights thereunder.

7. *Same; Enforcement; Pleading.*—A plea to a bill to redeem which sets up that the administrator who seeks to redeem decedent's land · sold at execution sale, has not paid or tendered the amount due, is not sufficient since for aught that appears therein the heirs of decedent or the decedent himself might have paid or tendered the requisite amount.

8. *Equity; Pleading; Sufficiency.*—A plea which assumes to go to the equity of the whole bill, but which, in reality, answers only a part thereof is insufficient.

APPEAL from Morgan Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill by R. B. White as administrator of the estate of C. C. Sheets, against W. R. Francis, and others, to redeem lands of his decedent, sold at judicial sale. From a judgment for complainant respondents appeal. Affirmed.

CALLAHAN & HARRIS, for appellant.—The redemption must be entire.—*Lehman-Durr & Co. v. Moore,* 93 Ala. 189; *Harden v. Collins,* 138 Ala. 404; *Richardson v. Dunn,* 79 Ala. 170; Secs. 5746, et seq., Code 1907. The court erred in holding plea 4 insufficient.—*Town of New Decatur v. Scharfenburg,* 41 South. 1027; *Francis v. White,* 39 South. 176. Taking the pleas as true, no valid reason is shown why the taxes set up therein should not be paid into court.—*Beatty v. Brown,* 101 Ala. 669. A redemptioner can always ascertain the taxes paid on the land sought to be redeemed, and hence, cannot plead ignorance thereof.—*Baker v. Birdeshaw,* 31 South. 497.

The mortgage indebtedness should have been paid into court.—*Palmer v. Palmer,* 74 Ala. 289.

E. W. GODBEY, for appellee.—Where each of the tenders are addressed solely to the lawful charges on some one of the several parcels, the debtor having made full tender of all purchase money and of all lawful charges on some one of two or more parcels of property may redeem any parcel on which he has tendered the lawful charges.—*Supreme Lodge v. Meig,* 131 Ala. 395; *Gibson v. Marquis,* 29 Ala. 672; *McClusky v. Barr,* 38 Fed. 165; *Pratt v. Oliver,* 1 McLean, 295. Francis was not entitled to the old taxes, and the abstract book is not constructed notice.—*Lewis v. Barnhart,* 145 U. S. 56. Nor does the plea deny the payment of the lawful charges or taxes by their heirs or by the decedent himself. Unnumbered plea styled B. is not sufficient.—*Scharfenburg v. Town of New Decatur,* 47 South. 96. A mere offer to pay lawful charges is sufficient.—*Lehman v. Collins,* 69 Ala. 129; *Hosea v. Pressly,* 60 Ala. 251. The bill sufficiently showed a want of knowledge and inability of White to ascertain the amount to be paid.—*Freeman v. Jordan,* 17 Ala. 502; *Baker v. Birdeshaw,* 31 South. 467; *Fuller v. Varnum,* 41 South. 778; *Bebee v. Buxton,* 97 Ala. 117.

MAYFIELD, J.—By the bill the complainant seeks to exercise the statutory right of redemption under chapter 133 of the Code of 1907 (section 5746 et seq.). The property involved consists of town lots and unplatted property in or near the town of Decatur, all of which was sold under execution against C. C. Sheats, the intestate of R. B. White, the redemptioner, and was purchased at execution sale by W. R. Francis, who has since conveyed parts thereof to the other respondents. The

whole was sold together, and the bill seeks to redeem the whole.

Redemption cannot be effected by piecemeal. It must be of the entire tract sold, no matter how many the sub-purchasers of parts thereof.—*Roulhac v. Jones,* 78 Ala. 398; *Harden v. Collins,* 138 Ala. 404, 35 South. 357, 100 Am. St. Rep. 42. As the statute confers a mere right or privilege upon the debtor, he must conform to the requirements of the statute by delivering possession to the purchaser, and by the payment or tender of the purchase price together, with 10 per centum per annum thereon, and all lawful charges, and must pay to the person in possession the value of all the permanent improvements. The statute directs how the amount of the value of the permanent improvements may be determined. These are all made conditions precedent to redemption, or revesting of the title in the debtor. The statute however, contemplates that the redemption be perfected out of court between the parties by each party's doing that which the statute directs. A resort to equity is only necessary when the purchaser or creditor refuses to accept the tender and to convey, and declines to inform the debtor of the amount necessary to be tendered, when known to him and not to the debtor, or when it is impossible or impracticable for the debtor to conform to the requirements of the statute without the aid of a court of equity. If the debtor could be sure that he had paid or tendered all that the statute requires, this payment or tender would have the effect, under the very language of the statute, to reinvest him with the title, and the purchaser must reconvey to him.—Code 1896, § 3507. It is most often the case that resort is had to equity to perfect the statutory right, because without the aid of the court the debtor cannot know the exact amount necessary to be paid or tendered. The main ob-

ject of the bill is often to ascertain this fact.   If the debtor knows the exact amount which he must pay or tender, or if by the exercise of due diligence he can ascertain it without the aid of the court, then his bill for this purpose would be without equity.   Equity will not undertake to do that which the debtor should have done for himself.   So, in the bill to redeem under the statute, the debtor must either aver a payment or a tender of all the amounts by the statute required, or to show a valid excuse for failure therein, before filing, such as nonresidency of purchaser, or redemptioner's inability to ascertain the amounts necessary to be paid or tendered, and ask the court to aid him in ascertaining the true amounts and offer to pay such amounts before insisting upon his right to redeem  or to be reinvested with  the title.— *Francis v. White,* 142 Ala. 590, 39 South. 174.   Payment or tender of the amounts necessary to redeem is not in all cases a prerequisite to the filing or maintaining of the bill, yet it is always such to the perfection of the right to redeem, and the bill must offer to pay or tender such amounts when ascertained, and show a valid excuse for not so doing before the filing of the bill as well as a good reason why the aid of the court is necessary for this special purpose.

The bill in this case we think conforms to all the requirements necessary for  a bill  to  redeem under  the statute.   The complainant  offers to  pay every  dollar which the statute requires as a condition precedent to the exercise of the right to redeem under the statute. If the averments of the bill be true, the amount of the lawful charges could not be ascertained without the aid of the court or of the respondents, and it shows that the respondents refused to aid complainant, or to inform him of the true and exact amounts.   If the averments of the bill be true, without the aid of the court the com-

plainant would lose his right to redeem, but with such aid he can assert and enforce it, and he offers to pay the exact amounts which the statute and the court direct him to pay, before claiming any right to redeem. This is all that the law requires or ought to require. The rights and duties of the debtor, creditor, or purchaser under the statute are reciprocal. The purchaser cannot, by his mere failure or refusal to perform the duties imposed upon him by the statute or by inaction, prevent the debtor from performing his, and thus cause the debtor to lose his statutory right of redemption. Equity has the jurisdiction and the power to compel both to discharge those duties imposed by the statute, and will aid either party to enforce his rights thereunder.—*Baker v. Burdeshaw,* 132 Ala. 166, 31 South. 497; *Prichard v. Sweeney,* 109 Ala. 651, 19 South. 730; *Lehman-Durr Co. v. Collins,* 69 Ala. 127.

The pleas were wholly insufficient. Though every word therein contained be true, the complainant will be entitled to relief upon proof of the averments of his bill and the performance of his offers therein contained. If the amounts set up in the special pleas are lawful charges, they must be paid before the complainant redeems. The complainant in his amended bill clearly avers a good reason why these amounts were not paid or tendered before the filing of the bill. It shows that actual performance on the debtor's part was prevented or waived by the party to whom performance was due. The respondents cannot be injured under the averments of this bill. The complainant must pay every cent due them before the title will vest in him. He could not and cannot now redeem without the aid of the court. He may do so by the aid of the court. He asks not to avoid any duty, nor does he seek by his bill to deprive the respondents of any right. The pleas assume to go to the equity of the

whole bill, and yet answer only a part thereof. The chancellor very properly held that such pleas were insufficient. Any number of conditions may be supposed which will avoid the pleas if true, and not contradict them. The heirs of Sheats, the execution debtor, may have paid all the lawful charges against the lands. They were the proper parties to pay them, and this would be perfectly consistent with the pleas. The mere allegation that White, the administrator, had not paid them, is not tantamount to an allegation that the amounts had been paid or tendered. The pleas were wholly insufficient.—*Scharfenberg's Case,* 155 Ala. 651; 47 South. 96; *Wing's Case,* 131 Ala. 395, 31 South. 3; *Gibson v. Marquis,* 29 Ala. 672.

There is no error in the record, and the decree of the chancellor is affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON and DENSON, JJ., concur.