(87 South. 823)

SMITH v. SULZBY. (6 Div. 186.)

(Supreme Court of Alabama. Feb. 3, 1921.)

1. Mortgages ☞603—Permanent repairs are "improvements" for which owner must pay on redemption.

Within Code 1907, § 5757, requiring any person offering to redeem to pay the person in possession the value of permanent improvements made after he acquired title, a mortgagor seeking to redeem after sale on foreclosure, under section 5746, must pay for permanent repairs of property injured or decayed, which are "improvements" in the sense that they enhance the value of the property above that it would have if they had not been made.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Improvement.]

2. Mortgages ☞603 — "Permanent improvements" are those not intended for removal.

Within Code 1907, § 5757, requiring any person offering to redeem to pay their value, "permanent improvements" are not necessarily everlasting in character, but are such as rest on or are attached to the soil and are reasonably enduring, not intended for removal.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Permanent Improvement.]

Appeal from Circuit Court, Jefferson County; Hugh A. Locke, Judge.

Bill by Gladys Marie Smith against James F. Sulzby to redeem from foreclosure. Decree for complainant, of which she complains and from which she appeals. Corrected and affirmed.

The items of improvement objected to consisted in charges for labor and material in repairs to the roof, the chimney, and the inside work, consisting of painting and plaster-

ing, also screening the house and putting on certain hardwood.

James H. Willis, of Birmingham, for appellant.

The provisions of the ·statute are the sole guide in determining the rights of the parties. 70 Ala. 46; 73 Ala. 127. Where the demand is greater than the amount· due, the redemptioner may file a bill without a tender of the amount. Section 5784, Code 1907; 60 South. 799. The repairs or improvements made were not permanent improvements within the meaning of section 5749, Code 1907. 132 Ala. 155, 32 South. 630; 65 Ala. 511; 18 How. Prac. (N. Y.) 220; 63 S. E. 928; 88 Neb. 117, 129 N. W. 250, Ann. Cas. 1912B, 790; 43 Ind. App. 467, 87 N. E. 1067; 80 Tex. 568, 16 S. W. 334; 50 N. J. Law, 523, 14 Atl. 750.

Cabaniss, Johnston, Cocke & Cabaniss, of Birmingham, for appellee.

There was no satisfactory evidence of a sufficient excuse. 101 Ala. 695, 14 South. 368; 142 Ala. 590, 39 South. 174; 172 Ala. 651, 55 South. 417; 114 Ala. 54, 21 South. 470; 199 Ala. 1, 73 South. 981. The court properly allowed the value of the improvements. 109 Ala. 651, 19 South. 730; 113 Ala. 126, 21 South. 70; 123 Mich. 179, 81 N. W. 1086, 81 Am. St. Rep. 165; (Ky.) 40 S. W. 915; 48 N. J. Eq. 94, 21 Atl. 623; 97 Va. 256, 33 S. E. 611.

SAYRE, J. The bill in this cause was filed by appellant to redeem certain real property after appellee had foreclosed a mortgage thereon and purchased at the foreclosure sale. There was a decree which determined complainant's right to redeem, but complainant, conceiving that the decree imposed terms too onerous upon her, has appealed. It was averred in the bill and shown in the evidence that complainant, before filing her bill, made written demand of defendant, appellee, for a statement in writing of the debt and all lawful charges claimed by him, as provided by section 5748 of the Code of 1907, and that defendant in response furnished a statement, which, as appellant contends, contained claims for repairs upon the premises not amounting to permanent improvements such as the statute (section 5757 of the Code) requires the person offering to redeem to pay as a condition to redemption. Afterwards complainant, making known to defendant her objection to such items, again demanded a statement, to which defendant responded as at first. Thereupon complainant, intending to avail herself of the privilege conferred by section 5748, filed this bill in equity, without a tender, to enforce her right of redemption.

[1, 2] The controversy between the parties on the subject of the difference between permanent improvements and repairs, and indeed whether there is any difference within the meaning of the statute of redemption, presents the main question to be considered on this appeal. Section 5757 provides that "any person offering to redeem must pay to the person in possession the value of all permanent improvements made by him after he acquired title," meaning, in this case, after purchase at the foreclosure sale. There are cases in which a proper determination of the rights of the parties requires discrimination between improvements and repairs; but our judgment is that, for the purpose of redemption under the statute (Code, § 5746), improvements include, not only valuable and useful additions to property, but improvements which merely restore property after injury or decay. "Improvements" include "repairs," and therefore the use of the former term does not exclude the things intended by the latter. An improvement, generally speaking, is anything that enhances the value of the land. Warvelle on Eject. § 557. No reason appears in the nature of things or the fundamentals of justice why a redemptioner under the statute, required to compensate the owner in possession for valuable additions to property, should be relieved of liability for improvements which restore the property after injury or decay and so preserve it against the day of redemption. In the present case the items for which defendant claimed compensation were repairs, but none the less improvements, and the court, in passing on complainant's exceptions to the register's report, needed only to see that the claims allowed should be for improvements or repairs that were permanent. Permanent improvements, within the purview of the statute, are not necessarily everlasting in character, but are such as rest on or are attached to the soil, and are reasonably enduring, not intended for removal in the event of a redemption (Albright v. Albright, 153 Iowa, 397, 133 N. W. 737), or, adopting the language of Judge Freeman in his note to Cleland v. Clark, 81 Am. St. Rep. 165: "If repairs enhance the value of the premises, it would doubtless be proper to treat them as lasting and permanent improvements." Such is the law of ejectment, by which (section 3847 of the Code) defendants are allowed compensation for "permanent improvements" —terms which the courts have interpreted so broadly that almost every form of expenditure, either of labor or capital, has been held to conform to the general notion involved (Warvelle, ubi supra); and no reason occurs to us why the same rule should not be applied in cases of redemption under the statute. We hold, therefore, that the circuit court, sitting in equity, committed no error in ruling that defendant was entitled to compensation for repairs of the character shown

by the statements made by defendant in response to complainant's demand for a statement of the debt and all lawful charges claimed by him.

It appears, and is not denied by appellee, that the register made an error of $18 against complainant in estimating the indebtedness due on the first mortgage. This error will be here corrected.

No other error appearing, the decree appealed from will be corrected as indicated above, and, as corrected, will be affirmed.

Cost of appeal to the extent of $18 will be taxed against appellee; the balance of such costs will be taxed against appellant.

Corrected and affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.