(102 So. 527)

**JOHNSON v. WILLIAMS. (4 Div. 176.)**

(Supreme Court of Alabama. Dec. 18, 1924.)

1. **Mortgages ⚖596, 597—Wife's right of redemption from husband's mortgage not affected by question of possession.**

A wife's right of redemption in mortgaged lands of her husband is not subject to forfeiture under Code 1907, § 5747, whether she was in possession or not at time of asserting her right to redeem.

2. **Mortgages ⚖610—Rule stated as to when resort to equity to enforce right of redemption permitted.**

A resort to equity to enforce right to redeem mortgaged lands is necessary only when creditor or purchaser refuses to accept tender and to convey, or declines to inform debtor or redemptioner of amount necessary to be tendered, or where it is impossible or impracticable for debtor to comply with requirements of statute without aid of equity.

3. **Mortgages ⚖616—Bill to redeem held demurrable for failure to sufficiently excuse want of tender.**

A bill to enforce wife's right to redeem mortgaged lands of husband, alleging as excuse for failure to tender redemption money inclusion in purchaser's statement of improper liens, fees, and interest charges, *held* not to sufficiently excuse failure to aver tender under Code 1907, § 5749; the items properly due being subject to verification had she used due diligence, and demurrer to bill was properly sustained.

Appeal from Circuit Court, Dale County; J. S. Williams, Judge.

Bill in equity by Melissa Johnson against J. H. Williams. From a decree sustaining demurrer to the bill, complainant appeals. Affirmed.

The bill alleges, in substance, that complainant and her husband executed to one White, on February 21, 1916, a mortgage on the lands described in the bill to secure an indebtedness from the husband to said White; that the lands constituted the homestead of complainant and her husband; that on February 26, 1916, the husband conveyed the lands in question to complainant; that the husband paid upon the indebtedness secured a part of one principal note and two interest notes; that on May 18, 1918, the mortgagee or his assignee foreclosed the mortgage under the power therein, at which foreclosure J. H. Williams became the purchaser; that on July 18, 1918, complainant and her husband made written demand on Williams for a statement of the debt and all lawful charges claimed by him, as a condition precedent to the exercise of the right of redemption; that in response to this demand Williams furnished the mortgagors this statement:

"Below I am giving you a statement in writing of the debt and all lawful charges claimed by me as purchaser at a foreclosure sale of the following described lands, to wit: * * *
"May 18, 1918. Cash paid at said foreclosure sale as the purchase price for the said land, $529.50.
"July 25, 1918. Interest at the rate of 10 per cent. per annum from the day of the purchase until this day, $9.80.
"July 25, 1918. Record fee paid for recording foreclosure deed, $.95.
"Total, $540.25.
"I also claim a lien against said property, under a judgment rendered in the circuit court of Dale county, Ala., in favor of myself against William N. Johnson, on the 18th day of September, 1916, amounting to $328.76, a certificate of which judgment was regularly and duly filed and recorded in the office of the judge of probate, Dale county, Ala., on the 4th day of October, 1916."

It is further alleged that at the time Williams claims to have recovered said judgment and to have caused the same to be recorded, the lands belonged to complainant, and that said judgment did not constitute a lien thereon; that the item of 95 cents is not such charge as she ought to be required to pay in order to redeem, and because of such demands it was not her duty to make tender before suit; that complainant owed no part of the debt secured by the mortgage and no part of the debt for which judgment

was rendered, the same being wholly the debts of her husband, and she is not bound thereby; that at the time of executing the mortgage upon said lands, and the notes secured thereby, the husband of complainant was non compos mentis; but, it is alleged, that if complainant be mistaken as to this, she is entitled to redeem, and offers to pay any balance found by the court to be due.

It is further alleged that shortly subsequent to the foreclosure Williams made written demand upon complainant for possession of the lands; that at the time she had rented the lands to one Jones for the year 1918; that Jones had possession of the lands under his rental contract; that she made known this fact to Williams and instructed the tenant, Jones, to attorn to Williams, as landlord.

It is prayed, alternatively, that the mortgage and the foreclosure proceedings be declared void upon the ground that William N. Johnson, the husband, was legally non compos mentis, or that complainant be allowed to redeem, the register to ascertain the amount complainant should pay to exercise the right.

By amendment the feature of the mental incapacity of complainant's husband is eliminated.

To the bill as amended respondent demurred on the grounds: First, that the bill is without equity; and, second, that no tender is averred. The trial court sustained the demurrer, and from that decree the appeal is taken.

Sollie & Sollie, of Ozark, for appellant.

Failure of the wife to surrender possession does not defeat her right to redeem. Thomas v. Blair, 208 Ala. 48, 93 So. 704. Complainant was excused from making tender. Code 1907, § 5748; Johnson v. Davis, 180 Ala. 143, 60 So. 799; Slaughter v. Webb, 205 Ala. 334, 87 So. 854.

Riley & Stokes, of Ozark, for appellee.

The trial court correctly sustained demurrer to the bill. Francis v. White, 160 Ala. 523, 49 So. 334; Code 1907, § 5749.

THOMAS, J. [1] The bill was for redemption, demurrer was sustained, and complainant appeals. The bill is by the wife, and is not subject to the forfeiture created by Code of 1907, § 5747. Thomas v. Blair, 208 Ala. 48, 93 So. 704.

[2] A resort to equity is only necessary when (1) the creditor or purchaser (a) refuses to accept the tender and to convey, or (b) declines to inform the debtor or redemptioner of the amount necessary to be tendered, when known to him and not to the debtor or redemptioner; or (2) it is impossible or impracticable for the debtor or redemptioner to conform to the requirements of the statute without the aid of a court of equity. Francis v. White, 160 Ala. 523, 49 So. 334; s. c., 142 Ala. 590, 39 So. 174; Lord v. Blue, 200 Ala. 521, 76 So. 463; Whiteman v. Taber, 203 Ala. 496, 83 So. 595; Slaughter v. Webb, 205 Ala. 334, 87 So. 854; Snow v. Montesano Land Co., 206 Ala. 311, 89 So. 719.

The excuse for the failure of tender of the purchase money, interest, and other lawful charges, as provided by statute (Code 1907, § 5749), or the facts showing the inability of complainant to ascertain the amount necessary to be paid or tendered, has been the subject of consideration in comparatively recent cases. In Johnson v. Davis, 180 Ala. 143, 60 So. 799, the statement furnished failed to give credit for the personal property embraced in the mortgage that was of substantial worth; in Francis v. White, supra, the averments of the bill were that actual performance "on the debtor's part was prevented or waived by the party to whom performance was due"; in Lord v. Blue, supra, the land was sold in parcels and the mortgagee purchased one of the parcels; in Wootten v. Vaughn, 202 Ala. 684, 81 So. 660, the right was that of a junior mortgagee who had purchased at foreclosure sale by the senior mortgagee, and an accounting for rents and waste was sought; in Randolph v. Bradford, 204 Ala. 378, 86 So. 39, the suit was for equitable redemption; in Baker v. Burdeshaw, 132 Ala. 166, 31 So. 497, there was refusal to inform complainant of the amount due on account of taxes and permanent improvements, and complainant was averred to be ignorant and to have had no means of ascertaining the same; in Slaughter v. Webb, supra, the full and correct amount necessary to redeem was averred not to be ascertainable.

In Snow v. Montesano Land Co., 206 Ala. 310, 89 So. 719, the purchaser had conveyed the land in several parcels, and it was necessary to ascertain the several and separate amounts required to effectuate redemption; the purchaser having put it beyond redemptioner's power to redeem as provided by statute. The several sums necessary to redemption as provided by statute are discussed at that case. In Toney v. Chenault, 204 Ala. 329, 85 So. 742, the purchaser at foreclosure sale refused to allow redemption under the statute, unless the portion of the land asserted to stand in the names of third persons was omitted; the assignee attempted to exercise the right; held, relieved of the duty of demanding statement, etc., and permitted to assert his right by bill in equity. The nonresidence or absence of the respondent is not alleged. Beatty v. Brown, 101 Ala. 695, 14 So. 368; Beebe v. Buxton, 99 Ala. 117, 12 So. 567; Lehman, Durr & Co. v. Collins, 69 Ala. 127; Stocks v. Young, 67 Ala. 341.

[3] As we construe the second paragraph of the statement of the purchaser, it was not a demand for the payment of the judgment rendered in the circuit court of Dale county in favor of J. H. Williams against William N. Johnson on September 18, 1916, for $328.76, certificate duly filed and recorded in the office of probate judge, etc.; nor was it the imposition or demand of a condition precedent for statutory redemption—the payment of the lien claimed on the property by reason of the judgment that excused the bona fide tender of the amount necessary to redeem the land from the foreclosure sale. The amount of record fee paid by the purchaser "for recording foreclosure deed," $.95 was not a proper charge or expense, was not within the statute (Snow v. Montesano Land Co., supra), and was of easy elimination by the redemptioner in making the tender. The amount of interest was of easy verification. The complainant has shown no excuse which the law recognizes for failure to aver a tender; and by the exercise of due diligence she could have ascertained the necessary and required amount without the aid of equity.

The judgment of the circuit court, in equity, is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.