193 So. 741

**RODGERS v. DIXON et al.**

3 Div. 305.

Supreme Court of Alabama.

Jan. 18, 1940.

Rehearing Denied Feb. 22, 1940.

H. C. Rankin, of Brewton, for appellant.

Hugh R. Williams, of Brewton, for appellees.

THOMAS, Justice.

The bill as amended sought redemption under the statute and the rules that obtain in a court of equity.

■ The decree on demurrers to the bill as originally filed eliminated the feature as to the right of redemption under the statute for failure to surrender to purchaser on due demand. Baker v. Burdeshaw, 132 Ala. 166, 31 So. 497; Dewberry v. Bank of Standing Rock, 227 Ala. 484, 150 So. 463.

The decree further held that the sale was not in strict accord with the powers of sale contained in the mortgage and provided by law.

■ It is insisted that the powers sought to be exercised as to notice of sale and place of sale were in conflict with the provisions of Sections 9016, 9012 and 9018 of the Code. In such case Section 9011 of the Code was, under the law that obtained, to be read into the mortgage, held as to this feature to have been complied with. This power under the law is a part of the security and follows a due assignment of the debt. Jordan et al. v. Ogden, 237 Ala. 626, 188 So. 235.

■ The trial court further indicated the defect in the original pleading, as follows:

"It is further contended by the complainant that the foreclosure sale was voidable because the property consisted of two separate tracts which were sold in masse. The allegations with respect to this aspect of the bill are not sufficiently full to bring the case within the influence of the rule of law declared in Dozier v. Farrior, 187 Ala. 181, 65 So. 364. There is no allegation that the separate parcels were distinctly marked for separate and distinct enjoyment. While the limitations indicated in the case just cited are recognized in the case of Kelly v. Carmichael, 217 Ala. 534, 117 So. 67, it is there indicated that the rule will be applied with liberality. To quote:

" 'This rule applies where the property covered by the mortgage is separated into several distinct tracts or lots, either by natural boundaries, by the way in which it is plotted or laid out, or by the fact that the parcels are not contiguous.'

"If, as a matter of fact, the two separate tracts of land have separate and distinct farms situated on them, or are susceptible of separate and distinct enjoyment as such, then it would have been the duty of the mortgagee to have offered the two tracts for sale separately. * * *."

This is in accord with the decisions of this court. Lee v. Macon County Bank et al., 233 Ala. 522 [525], 172 So. 662.

■ De Moville pro ami v. Merchants & Farmers Bank of Greene County et al., 233 Ala. 204, 170 So. 756, followed the rule of Dozier v. Farrior et al., 187 Ala. 181, 65 So. 364, and Mahone v. Williams, 39 Ala. 202. The terms of sale on default contained in the mortgage are held to be an expression of a power coupled with an interest quickened with a trust. That is, charged with the duty of exercising good faith and fairness in the execution of that power to the end that the mortgaged property be disposed of to the advantage of mortgagor in satisfaction, or due reduction of the debt or indemnity for which the mortgage was given. Lee v. Macon County Bank, 233 Ala. 522 [525], 172 So. 662. Such is the just rule that obtains.

The bill was amended to meet the demurrers, as follows: "* * * that your orator be granted the right and privilege under his equity of redemption to redeem from said mortgage the land described therein, and which is also described in said bill, and that all orders and decrees be made and rendered as may be necessary and appropriate to fully effectuate said redemption; that if your orator is mistaken as to the relief here sought in the enforcement of his rights of equity of redemption with respect to said property,

then he further prays that he be allowed and permitted in the alternative to redeem said lands under the provisions of the laws and the statutes of Alabama. * * *."

The amended bill further sought an accounting as to the amount due on the mortgage debt after due payments and credits for damages and waste are permitted, which were also duly applied for.

■ The testimony was taken orally before a commissioner and the decree is not aided by the presumptions that obtain when given ore tenus before the trial court. Hodge v. Joy, 207 Ala. 198, 92 So. 171. We have carefully examined the evidence given and submitted and the decree of the court of date of January 13, 1939, is well supported thereby.

The decree is to the effect that the property brought "at least three or four times less than its real value" at the foreclosure sale when consideration is given to the fact that the bank accepted it as security for an indebtedness of $1,500, and that it had been uniformly assessed for taxation at $1,030, and that it had been renting for $80 a year which is legal interest on over $1,300, and that on the very day of foreclosure Mr. Feagin bargained "to pay the purchaser, Dixon, $550.00 for the land, and did in fact pay that sum for a quit claim deed;" that the foreclosure sale of said mortgage held on May 21, 1934, "be, and the same hereby is, declared null and void and of no effect, and that the sale from the mortgagee purchaser to the Respondent, Feagin, is null and void upon the exercise by the Complainant of his equity of redemption herein declared and established;" that the reasonable rental value of the real estate for the year 1935, 1936, 1937 and 1938, be ascertained; that the amount of taxes paid by the respondent Feagin for said years be ascertained and that the register also ascertain the amount and date of all *"permanent improvements placed on said premises by* said Feagin, including fencing, repairs to dwellings, etc.," and that "in arriving at the totals of said items the Register will calculate interest thereon at the rates herein set out." [Italics supplied.]

■ We agree with the decree of the court in all respects save the item of reference to the register to ascertain "all permanent improvements," etc. This direction should be to ascertain and report all *necessary permanent improvements to preserve and keep* the property in proper repair. Whetstone v. McQueen, 137 Ala. 301, 34 So. 229. The last cited decision was under Section 3518 of the Code of 1896, which is the same as Section 5758 of the Code of 1907. Fidelity & Deposit Co. of Maryland v. West Blocton Savings Bank, 216 Ala. 465, 113 So. 489, under Code of 1923, § 10154; American Freehold Land Mortg. Co. v. Pollard, 132 Ala. 155, 32 So. 630, under Code of 1896, § 3518; Zadek v. Burnett, 176 Ala. 80, 57 So. 447, under Code of 1907, Section 5758; Miller v. Ward, 111 Me. 134, 88 A. 400, 49 L.R.A.,N.S., 122 et seq. and notes; 19 R.C.L. 332, § 107; 7 Cyc. 91. It will be noted that these decisions are to the like effect notwithstanding the changes to be found in Section 10153 of the Code of 1923.

It is noted in the notes in Michie's Code, § 10153, that § 5757 of Code of 1907 was revised and it is clear that the changes related to the value of permanent improvements only, and that §§ 10144, 10146 and 10147 had reference to the *debt* between the original parties and that embraced *all lawful charges* which included permanent improvements. Slaughter v. Webb, 205 Ala. 334, 87 So. 854. However, redemption under the statute being eliminated by the irregular foreclosure and the decree, we are remitted to the application of the rule, as to permanent improvements, that has long prevailed in courts of equity and where the equity of redemption is of force.

We have indicated that necessary permanent improvements have a well defined meaning in this jurisdiction, which is to preserve the property by properly keeping it in repair for its proper and reasonable use, having due regard for the necessities of each subject as to its kind and character. This includes not only ordinary repairs to restore the property after injury, decay, storm, flood, or fire, etc., but also valuable and useful additions and improvements to the property suited to its reasonable necessities, character and use. Snow v. Montesano Land Co., 206 Ala. 310, 89 So. 719; Smith v. Sulzby, 205 Ala. 301, 87 So. 823; 41 C.J. p. 645, § 649 et seq. Ewing v. First Nat. Bank, 227 Ala. 46, 148 So. 836; Malone v. Nelson, 232 Ala. 243, 167 So. 714. As to this each case is ruled by its facts.

When the testimony before the register and the rule that obtains as to such reports is considered, the decree thereon by the trial court of date of July 19, 1939, is sustained. The third item of the report of the register is as follows:

"The Register finds that permanent improvements on the place by Mr. Feagin amount to the following, and as follows:

Feb. 1936 to July 1st, 1939.

| | |
|---|---|
| Hauling Shingles | $5.00 |
| Nails for shingles | 3.50 |
| Lime & Cement | 2.00 |
| Lumber | 13.50 |
| Labor | 10.50 |
| Labor | 7.40 |
| Labor | 2.50 |
| Labor | 6.00 |
| Total | 50.40 | Int. $10.33 |

March 1936 to July 1st, 1939

| | |
|---|---|
| Post | 5.00 |
| Hauling Lumber | 1.25 |
| Wire | 38.20 |
| Windows | 3.60 |
| Staples | .40 |
| Nails | .45 |
| Labor | 4.90 |
| Total | 53.80 | Int. 10.76 |

March 1937 to July 1st, 1939

| | |
|---|---|
| Wire | 33.20 |
| Post & Labor | 20.00 |
| Total | 53.20 | Int. 7.45 |

August 1937 to July 1st, 1939

| | |
|---|---|
| Wire | 32.10 |
| Wire | 11.20 |
| Total | 43.30 | Int. 4.98 |

Feb. 1936 to July 1st, 1939.

| | |
|---|---|
| Shingles | 39.00 | Int. 7.47 |

March 1937 to July 1st, 1939.

| | |
|---|---|
| Labor | 8.00 |
| Post | 5.00 |
| Nails & Staples | 5.00 |
| Total | 18.00 | Int. 2.43 |

Total Improvements and interest due the respondent Feagin $301.62."

While the register reported items for "permanent improvement," it is revealed that each item thereof and all moneys spent were for repairs on the property that was in a dilapidated condition, as stated when the purchase was made under foreclosure sale. That is under the evidence showing the character and use to which the property was fit to be put and necessary to be fitted and preserved for its reasonable enjoyment and use, there was no element or item furnished or improvement made that was not within the rule of our cases as to the keeping in repair and preservation of properties held by purchasers at mortgage sales. Fidelity & Deposit Co. of Maryland v. West Blocton Sav. Bank, 216 Ala. 465, 113 So. 489; Whetstone v. McQueen, 137 Ala. 301, 34 So. 229.

The decree of date of July 13, 1939, allowed redemption under the equity of redemption that obtained and was within the rule of our cases, and that of interest allowable for credit and payment of taxes and the value of "permanent improvements" as we have indicated, under the evidence as reported by the register for necessary repairs and upkeep, under the depleted condition of the property duly made and interest thereon; and all other due credits for waste and rents as later found by the register. When the decree, the report of the register and decree confirming the same are considered under the rules that obtain, under the evidence, we find no reversible error.

The decrees of the trial court are respectively affirmed.

Affirmed.

BOULDIN, BROWN, and KNIGHT, JJ., concur.