This appeal is from the Escambia County Circuit Court's dismissal of Janet Moore's complaint, which sought to have that court determine the amount necessary for Moore to pay defendants, Wofford and Kelly Horton, for the purpose of redeeming certain real estate sold at foreclosure sale. We affirm.
The undisputed facts in this case are that plaintiff, Janet Moore, and her husband defaulted under the terms of a second mortgage with First Financial Services, Inc. The real estate given as collateral in the mortgage agreement was sold at foreclosure sale on June 4, 1984, to First Family Financial Services, Inc., formerly known as First Financial Services, Inc. On October 18, 1984, the foreclosed property was sold to defendants, Wofford and Kelly Horton.
On October 19, 1984, First Financial received a letter from Moore in which she requested a statement of the debt and lawful charges for redemption, pursuant to *Page 922 
Code of Alabama 1975, § 6-5-234. That same day, First Financial sent a letter to Moore informing her that the property had been sold to the Hortons. Moore subsequently requested a statement of the debt and lawful charges from the Hortons, who promptly responded to her request. In the letter containing the list of the debt and lawful charges, the Hortons informed Moore that by providing the list they were not waiving their right to contest her attempted redemption on the grounds of failure to vacate the premises within ten days of their demand for possession of the property. The Hortons sent Moore a second letter three days later which stated that their reservation of the right to refuse redemption should not be taken as a refusal to permit Moore to tender the amount required for redemption; and, in fact, they invited such a tender.
On March 6, 1985, Moore's husband transferred his right to redeem the property to her. On April 26, 1985, Moore filed suit against Wofford and Kelly Horton in an attempt to have the court ascertain which of the charges were proper, and then to enter an order granting Moore's right of redemption of the property. Upon motion of counsel for the Hortons, the trial court dismissed the action. On appeal, Moore contends that the trial court erred in dismissing her complaint, and asks this Court to so hold and to reinstate her case in the circuit court for a hearing on the merits.
One of the trial court's findings was that Moore did not comply with Code of Alabama (1975), § 6-5-235, because she failed to tender to the Hortons payment of the debt and lawful charges as required by that statute. Section 6-5-235 states, in pertinent part:
 Anyone entitled and desiring to redeem real estate under the provisions of this article must also pay or tender to the purchaser or his vendee the purchase money, with interest at the rate of 10 percent per annum thereon, and all other lawful charges, with legal interest, which are:
 (1) Permanent improvements as prescribed in section 6-5-244.
In Francis v. White, 160 Ala. 523, 49 So. 334 (1909), this Court discussed the requirements of this statute (Code 1975, § 6-5-235, was then codified as Code 1907, § 5749). This Court said:
 As the statute confers a mere right or privilege upon the debtor, he must conform to the requirements of the statute by delivering possession to the purchaser, and by the payment or tender of the purchase price together, with 10 per centum per annum thereon, and all lawful charges, and must pay to the person in possession the value of all the permanent improvements. The statute directs how the amount of the value of the permanent improvements may be determined. These are all made conditions precedent to redemption, or revesting of the title in the debtor. The statute however, contemplates that the redemption be perfected out of court between the parties by each party's doing that which the statute directs. A resort to equity is only necessary when the purchaser or creditor refuses to accept the tender and to convey, and declines to inform the debtor of the amount necessary to be tendered, when known to him and not to the debtor, or when it is impossible or impracticable for the debtor to conform to the requirements of the statute without the aid of a court of equity. If the debtor could be sure that he had paid or tendered all that the statute requires, this payment or tender would have the effect, under the very language of the statute, to reinvest him with the title, and the purchaser must reconvey to him. It is most often the case that resort is had to equity to perfect the statutory right, because without the aid of the court the debtor cannot know the exact amount necessary to be paid or tendered. The main object of the bill is often to ascertain this fact. If the debtor knows the exact amount which he must pay or tender, or if by the exercise of due diligence he can ascertain it without the aid of the court, then his bill for this purpose would be without equity. *Page 923 
Equity will not undertake to do that which the debtor should have done for himself. So, in the bill to redeem under the statute, the debtor must either aver a payment or a tender of all the amounts by the statute required, or . . . show a valid excuse for failure therein, before filing, such as nonresidency of purchaser, or redemptioner's inability to ascertain the amounts necessary to be paid or tendered, and ask the court to aid him in ascertaining the true amounts and offer to pay such amounts before insisting upon his right to redeem or to be reinvested with the title. [Citations omitted.]
160 Ala. at 526-27, 49 So. at 335.
Thus, in order to redeem under the statute, one must either aver a payment or tender of all the amounts required by the statute, or show a valid excuse for failure to do so. It is undisputed in this case that Moore had not tendered any money, either to the Hortons or into the court, before filing her suit. Moore's excuse for failure to tender the amount due was that at least some of the items listed as permanent improvements by the Hortons were not proper. More specifically, Moore's complaint avers the following:
 Furthermore, the list of "permanent improvements" covers some items which are allowable as improvements and some items which are not allowable since they were not necessary to keep the house from deteriorating during the redemption period.
 That because of the failure to specifically and fairly itemize the lawful charges, the Plaintiff has not made tender to the Defendants of any amount of money for redemption, since she was unable to determine what amount she needed to tender.
First, with regard to Moore's contention that some of the items listed were improper because they were "not necessary to keep the house from deteriorating during the redemption period," we note that this Court, in Rodgers v. Dixon, 239 Ala. 72,193 So. 741 (1940), stated:
 We have indicated that necessary permanent improvements have a well defined meaning in this jurisdiction, which is to preserve the property by properly keeping it in repair for its proper and reasonable use, having due regard for the necessities of each subject as to its kind and character. This includes not only ordinary repairs to restore the property after injury, decay, storm, flood, or fire, etc., but also valuable and useful additions and improvements to the property suited to its reasonable necessities, character and use. Snow v. Montesano Land Co., 206 Ala. 310, 89 So. 719; Smith v. Sulzby, 205 Ala. 301, 87 So. 823; 41 C.J. p. 645, § 649 et seq. Ewing v. First Nat. Bank, 227 Ala. 46, 148 So. 836; Malone v. Nelson, 232 Ala. 243, 167 So. 714. As to this each case is ruled by its facts.
239 Ala. at 74, 193 So. at 743. In Smith v. Sulzby, 205 Ala. 301,87 So. 823 (1921), this Court stated: "An improvement, generally speaking, is anything that enhances the value of the land." Thus, Moore's contention in her complaint that some items were improperly included as permanent improvements because they were not necessary to keep the house from deteriorating is not supported by our case law.
Moore's second contention is that because of the failure to specifically and fairly itemize the lawful charges, she was unable to determine what amount she needed to tender. As was stated in Francis v. White, supra, "A resort to equity is only necessary . . . when it is impossible or impracticable for the debtor to conform to the requirements of the statute without the aid of a court of equity. . . . If the debtor knows the exact amount which he must pay or tender, or if by the exercise of due diligence he can ascertain it without the aid of the court, then his bill for this purpose would be without equity." A case which follows this line of reasoning is Johnson v.Williams, 212 Ala. 319, 102 So. 527 (1924). In Johnson, the statement of the debt and lawful charges included items that were improper, or at least questionable. In affirming *Page 924 
the trial court's dismissal of the action, this Court stated:
 The amount of record fee paid by the purchaser "for recording foreclosure deed," $.95 was not a proper charge or expense, was not within the statute (Snow v. Montesano Land Co., [206 Ala. 310, 89 So. 719
(1921).] and was of easy elimination by the redemptioner in making the tender. The amount of interest was of easy verification. The complainant has shown no excuse which the law recognizes for failure to aver a tender; and by the exercise of due diligence she could have ascertained the necessary and required amount without the aid of equity.
212 Ala. at 321, 102 So. at 528. Therefore, the inclusion of improper or questionable charges is not, in and of itself, a valid excuse for failure to tender the amount owed. There must be an exercise of due diligence on the part of the person seeking redemption to ascertain the proper amount to be tendered. In a more recent decision, Dicie v. Morris, 285 Ala. 650, 235 So.2d 796 (1970), this Court stated that there must be a bona fide disagreement between the parties as to what the lawful charges were before one side could seek the aid of the court. Moore has presented this Court with no proof of any such disagreement; moreover, the Hortons have stated that had Moore offered an amount which they considered reasonable, the matter might well have been settled at that time. It appears to us that, had Moore undertaken a diligent inquiry, she might well have been able to ascertain the proper amount due to be paid to the Hortons. We hold that there was ample support for the trial court's findings that Moore failed to comply with the statutory prerequisites to redemption and that she failed to allege sufficient grounds to excuse the statutorily required tender.
Inasmuch as a resolution regarding Moore's final assertion of error would not affect the outcome of this appeal, we pretermit discussion of this issue. The judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and STEAGALL, JJ., concur.