I believe Nichols failed to comply with the redemption statutes and that the trial court correctly dismissed this action. Therefore, I must respectfully dissent.
Under the redemption statutes that became effective January 1, 1989, as applied to the facts of this case, Nichols should have paid into the court the amount of money necessary to redeem.
The new act outlines the requirements for the circuit court to take jurisdiction in a redemption case.
 "Upon the filing of any complaint as provided in these sections and paying into court the amount of purchase money and the interest necessary for redemption and all lawful charges, . . . the circuit court shall take jurisdiction thereof and settle and adjust all the rights and equities of the parties, as provided in this article."
§ 6-5-256, Ala. Code 1975 (emphasis added). Nichols, however, did not pay any money into the court, claiming he was excused from making the payment because he could not ascertain the purchase price of the lots and because Brush's statement of lawful charges included charges for improvements that, Nichols says, are not permanent improvements. However, the new act provides that
 "within 10 days after receipt [of the statement of the value of permanent improvements] the proposed redemptioner either shall accept the value so stated by the then holder of the legal title, or disagreeing therewith, shall appoint a referee to ascertain the value of such permanent improvements and in writing notify the then holder of the legal title of his or her disagreement and of the fact and name of the referee appointed by him or her."
§ 6-5-254(a), Ala. Code 1975 (emphasis added). Furthermore, inMoore v. Horton, 491 So.2d 921, 924 (Ala. 1986), the Supreme Court held:
 "[T]he inclusion of improper or questionable charges is not, in and of itself, a valid excuse for failure to tender the amount owed. There must be an exercise of due diligence on the part of the person seeking redemption to ascertain the proper amount to be tendered. In . . . Dicie v. Morris, 285 Ala. 650, 235 So.2d 796 (1970), this Court stated that there must be a bona fide disagreement between the parties as to what the lawful charges were before one side could seek the aid of the court."
As requested, Colvin and Brush provided Nichols with statements of lawful charges, which Nichols simply dismissed out of hand. Nichols gives no basis for his belief that the purchase prices and lawful charges included in Colvin and Brush's statements of lawful charges are "unlawful and exaggerated." There is no evidence that Nichols attempted to ascertain the proper amount to be paid into the court, let alone that he tried to use due diligence to ascertain the proper amount, as required in Moore, supra. Also, there is no evidence that Nichols appointed a referee to determine the value of the improvements that he disputes. It appears that Nichols was unhappy with the stated amount for redemption, so he immediately filed this action without following the proper statutory prerequisites. Therefore, his case was due to be dismissed.
I would affirm the judgment of the trial court. Therefore, I respectfully dissent.
YATES, J., concurs.