The plaintiff appeals from a summary judgment for the defendants in an action involving the statutory redemption of real property.
On October 28, 1992, Commercial Credit Corporation purchased a parcel of property described as Lot 12, Block B, Perry Homes 3, from Landmark Financial Services of Alabama, Inc., at a foreclosure sale. On October 29, 1992, Albert Kemper Davis III purchased the statutory right of redemption on the property from Blazer Financial Services, Inc., the holder of a second mortgage. On November 5, 1992, Harry and Marcella Anderson purchased the property from Commercial Credit.
On September 22, 1993, Davis notified the Andersons of his intent to redeem the property. On October 1, 1993, the Andersons responded by sending Davis a letter itemizing the redemption charges and establishing the redemption price at $43,200. Davis disputed the value of several of the permanent improvements listed in the Andersons' itemization and contended that improper or questionable charges were also included on the list. Claiming that it was impossible for him to ascertain the true amount required to be tendered to redeem the property, Davis appointed a referee to determine the proper amount of tender, pursuant to § 6-5-254(a), Ala. Code 1975. The Andersons rejected the referee appointed by Davis and appointed their own referee on October 15, 1993. Davis claims that the referees were unable, or unwilling, to meet and determine the proper amount of tender within the required statutory time, so he filed an action in the circuit court, as required by §6-5-254(b), Ala. Code 1975, to determine the amount required to be tendered to redeem the property.
In his complaint, Davis claimed that he was excused from tendering the $43,200 established by the Andersons as the amount required to redeem the property because, he said, he was unable to ascertain the proper amount of tender, because of the dispute over the value of many of the permanent improvements and whether some of the charges were improper. He offered to pay $22,723.90, which he said he had determined to be the proper redemption price, or, in the alternative, requested the court to determine the lawful charges due. On January 25, 1994, the trial court ordered Davis to deposit into the court $22,723.90, which was the amount Davis contended was needed to redeem the property, until the court determined the proper amount of tender required.
On October 5, 1994, Davis filed a motion for a temporary restraining order to enjoin the Andersons from making any further improvements to the property until the amount of tender was established by the court. Davis also filed a motion to hold in escrow any rental income the Andersons had received from the property. On that same day, the Andersons filed a motion for summary judgment. In response to the Andersons' motion for summary judgment, Davis filed the affidavit of David Lisenby, the owner of a construction company, in which Lisenby estimated the cost of replacing the roof on the property at $800, far less than the amount claimed by the Andersons.
On November 8, 1994, the trial court held a hearing on these pending motions. On February 1, 1995, after each side had submitted memorandum briefs in support of their positions and the Andersons had filed a motion to strike the affidavit filed by Davis in response to their motion for summary judgment, the trial court denied Davis's motions for a temporary restraining order and to hold rental income in escrow and granted the Andersons' motion for summary judgment. The trial court then determined that the amount required to redeem the property was $43,200.
The trial court found that Davis had no valid excuse for failing to tender the $43,200 when he filed his complaint; that he had not exercised due diligence to determine the true amount of tender required; that he was not entitled to an offset of the rental income; and that he had not shown a willingness to tender funds into the court. Davis appealed to the Supreme Court, which deflected the case to this court pursuant to §12-2-7(6), Ala. Code 1975. *Page 143 
Davis contends that the trial court erred in entering the summary judgment. He says that there was a genuine dispute as to the value of the permanent improvements to the property made by the Andersons. He also contends that some of the items claimed by the Andersons on their list of "lawful charges" are actually personal property and not the subject of redemption. He says that he exercised due diligence in attempting to determine the redemption price for the property.
A summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56, Ala.R.Civ.P. Rule 56 is read in conjunction with the "substantial evidence rule," §12-21-12, Ala. Code 1975, for actions filed after June 11, 1987.See Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794
(Ala. 1989).
"[T]o defeat a defendant's properly supported motion for summary judgment, the plaintiff must present 'substantial evidence,' i.e., 'evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.' " Altadena Valley Golf Country Club v. Blue Cross Blue Shield of Alabama, 644 So.2d 913 (Ala. 1994) (citation omitted).
Pursuant to § 6-5-252, Ala. Code 1975, once the purchaser of the property has provided the person seeking to redeem the property with an itemized statement of debt and all lawful charges claimed by the purchaser, "[t]he redeeming party must then tender all lawful charges to the purchaser or his or her transferee." Section 6-5-253 provides that the redeeming party must tender to the purchaser "the purchase price paid at the sale, with interest at the rate allowed to be charged on money judgments . . . and all other lawful charges, also with interest as aforesaid." Section 6-5-253 provides that lawful charges include, among other things, permanent improvements, taxes paid or assessed, and insurance premiums paid or owed by the purchaser.
Therefore, payment or tender to the purchaser or the purchaser's transferee is a condition precedent to filing a complaint to redeem the property, unless the redeeming party has a valid excuse for failing to tender. See Nichols v.Colvin, 674 So.2d 576 (Ala.Civ.App. 1995); Moore v. Horton,491 So.2d 921 (Ala. 1986). A redeeming party's "inability to ascertain the amounts necessary for tender or to be paid, his request for the court to ascertain the true amounts owed, and his offer to pay such amounts before insisting on his right to redeem" excuse him from the statutory requirement to tender.Nichols, supra. Additionally, if the redeeming party claims that the lawful charges claimed by the purchaser include exaggerated or illegal demands, no tender is required to be made before filing a complaint to redeem. Id.
Section 6-5-254 requires that where there is a dispute over the "value" of the "permanent improvements" listed in the statement of lawful charges, that issue must be presented to an appointed referee before a complaint for redemption can be filed. Id. See also Ross v. Edwards, 541 So.2d 507 (Ala. 1989). However, if the redeeming party disputes whether an item listed on the statement of lawful charges is a " 'permanent improvement' within the meaning of § 6-5-253, the [redeeming party] need not submit the issue to a referee before filing a complaint to redeem." Nichols, supra. But, "the inclusion of improper charges is not, in and of itself, a valid excuse for failure to tender the amount owed. There must be an exercise of due diligence on the part of the person seeking redemption to ascertain the proper amount to be tendered." Moore, supra, at 924.
The record reveals that Davis disputed the amount claimed by the Andersons as the redemption price when he first received the itemized list of legal charges from them. He contends that the Andersons exaggerated the value of several of the permanent improvements and that several of the items claimed by them as permanent improvements do not qualify as such. Attached to Davis's complaint are a copy of the foreclosure deed, which shows a different price for the property than the one claimed by the Andersons; a letter from Davis's attorney to the Andersons requesting an itemized statement of debt and lawful charges; the itemized statement provided to Davis by the Andersons; and a list compiled by Davis itemizing what he determined the debt and lawful charges to be, which includes several items that were not even claimed by the Andersons. *Page 144 
requesting an itemized statement of debt and lawful charges; the itemized statement provided to Davis by the Andersons; and a list compiled by Davis itemizing what he determined the debt and lawful charges to be, which includes several items that were not even claimed by the Andersons.
Before he filed his complaint in this action, Davis appointed a referee to determine the amount of tender required to redeem the property. The Andersons rejected Davis's choice of referee and appointed their own referee. The referees could not or would not meet within the statutorily determined time, so Davis filed this lawsuit to determine the redemption price. The record contains a letter from Davis's referee detailing his inspection of the property, which was written before suit was filed and which disputes a number of the charges claimed by the Andersons.
Thus, it appears that Davis exercised due diligence to determine the correct redemption price for the property. Additionally, the record reveals that Davis was unable to ascertain the amount necessary for tender and that there is a genuine dispute between the parties as to the value of certain permanent improvements and as to whether certain items constitute exaggerated or illegal demands. We conclude that the trial court erred in finding that Davis did not exercise due diligence; in finding that he did not have a valid excuse for failing to tender; and in finding that he did not show a willingness to tender funds into the court. We conclude that there is a genuine issue of material fact as to the proper redemption price and, therefore, that the summary judgment for the Andersons is due to be reversed.
Davis also contends that the trial court erred in refusing to credit rental income received by the Andersons after the redemption date against the amount owed by Davis to redeem the property. Section 6-5-253(c), Ala. Code 1975, provides that "[t]he purchaser [at the foreclosure sale] shall be entitled to all rents paid or accrued . . . to the date of the redemption, and the rents must be prorated to such date." "This has been read to mean that the redemptioner, then, is entitled to any rents or profits accruing subsequent to the redemption date."Wallace v. Beasley, 439 So.2d 133, 136 (Ala. 1983). "The date of redemption is deemed to be the date of the filing of the original complaint to redeem." Id. See also Beavers v.Transamerica Financial Services, Inc., 474 So.2d 1105 (Ala. 1985).
The trial court refused to give Davis credit for the rental income because it found that he had not exercised due diligence in determining the proper redemption price and that he did not have a valid excuse for failing to tender. Because we hold that Davis exercised due diligence and had a valid excuse for failing to tender, we also hold that the trial court erred in refusing to credit against the amount owed by Davis the rental income collected on the property by the Andersons.
On remand, the trial court is instructed to reconsider Davis's motion to hold the rental income in escrow and his motion for a temporary restraining order, which were denied by the trial court upon entering the summary judgment in favor of the Andersons.
Because we reverse the judgment on the above-stated grounds, we need not address the other issues raised by Davis.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and THIGPEN, YATES, and CRAWLEY, JJ., concur.