# Drum & Ezekiel, *et al. v.* Bryan, *et al.*

## *Bill to Quiet Title.*

(Decided February 11, 1915. Rehearing denied June 30, 1915.
69 South. 483.)

1. *Quieting Title Possession.*—One not in the possession of land cannot maintain a bill to remove a cloud on title.

2. *Same; Foreclosure of Mortgage; Payment of Debt.*—Where the mortgage debt had been paid at the time of the foreclosure, there could be no redemption, and the only possible relief in equity would be to have the deed cancelled as a cloud on title.

3. *Same; Illegal Foreclosure.*—Where the mortgage debt was paid in full at the time of the foreclosure, the sale was void, and the mortgagor, not in possession, had his remedy at law in ejectment, and a bill to cancel the mortgage would not lie.

4. *Mortgages; Foreclosure; Bill to Cancel; Limitation.*—Under the express terms of Section 3505, Code 1896, a bill by a mortgagor to set aside a foreclosure sale and cancel the deed must be filed within two years next after the sale, or some valid excuse must be shown why it is not filed within such time.

APPEAL from Crenshaw Chancery Court.

Heard before Hon. L. D. GARDNER.

Bill by R. F. Bryan and others against Drum & Ezekiel and others, to set aside a foreclosure sale, and redeem, or to cancel the foreclosure deed as a cloud on complainant's title. From a decree granting complainant's relief in part, respondents appeal. Reversed and rendered.

C. E. HAMILTON, and STEINER, CRUM & WEIL, for appellant.

M. W. RUSHTON, and D. M. POWELL, for appellee.

MAYFIELD, J.—The original bill in this case was filed September 3, 1897. It sought, in the alternative:

(1) To set aside a foreclosure sale of a mortgage, and to be allowed to redeem; and (2) to cancel the foreclosure deed as a cloud on complainant's title, on the ground that the mortgage debt was fully paid when the forclosure was had. The chancellor granted the relief prayed, and on appeal that decree was reversed, on the grounds that as a bill to set aside the foreclosure and to redeem it was filed too late, more than two years after the foreclosure, and that as a bill to remove a cloud from title it failed to show that complainants were in possession when the bill was filed. See report of case and opinion, 40 South. 131, not officially reported.

When the case went back, the bill was amended several times, by alleging that the complainants were in possession when the bill was filed, that the mortgage debt was tainted with usury, that the purchase price was grossly inadequate, that Drum & Ezekiel had sold and conveyed the lands to Greil Bros., a corporation, and that Drum & Ezekiel had no just interest in the land. The respondents demurred, and answered the bill, denying each of the asserted equities of the bill. The case was submitted on the pleadings and the proof, and the chancellor granted the relief on the theory that complainants have the right to redeem, but denied the relief as for canceling the deed as a cloud on title. From this decree the respondents prosecuted this appeal.

(1) We agree with the chancellor that complainants must fail on the theory of the bill which seeks to have the foreclosure deed canceled as a cloud on complainant's title. The complainants did not have such possession as would support a bill for that purpose.

(2) We cannot agree with the chancellor, however, that the complainants are entitled to relief under the

other theory of the bill, which seeks to have the foreclosure sale set aside, and to be allowed to redeem. As was ruled on the former appeal, the bill was filed more than two years after the foreclosure sale, and after the deed was executed to the purchaser, and after the purchaser had reconveyed to the mortgagee. This recited the consideration paid, and the deed was duly recorded, and the parties must have had notice of the inadequacy of the price bid.

The chancellor finds that the mortgage debt was paid at the time of the foreclosure. If so, then there can be no redemption, and the only possible relief in chancery would be to have the deed canceled as a cloud on title; and as to this the chancellor finds that complainants were not in possession when the bill was filed, and therefore that they cannot have the deed canceled as a cloud on title. This was also the holding on the former appeal.

(3) If the mortgage debt was paid in full when the foreclosure was had, then the sale was void, and the complainants could have recovered in an action at law. It was expressly ruled on the former appeal in this case that if the mortgage debt was paid when the foreclosure sale was had, the complainant's remedy was at law, provided they were not in possession; and we and the chancellor both found that they were not. Moreover, it appears that there has been one action of ejectment in this case, and that it resulted in favor of the respondents, appellants here.

ANDERSON, C. J., and SAYRE, SOMERVILLE, and THOMAS JJ., concur. McCLELLAN, J., does not concur in opinion. GARDNER, J., not sitting.

[Drum & Ezekiel, et al. v. Bryan, et al.]

IN RESPONSE TO APPLICATION FOR REHEARING.

PER CURIAM.— (4) By the last brief filed on the application for a rehearing one insistence was made, which was not made on the original hearing nor in any of the former briefs on this application. This insistence is that, until the Code of 1896 became operative, the mortgagor had no adequate remedy in an action at law to show that the consideration for the mortgage was tainted with usury and that there was a partial failure of consideration, and that, the bill being filed before the Code of 1896 became operative, this gave equity jurisdiction to cancel the mortgage, if the payments on the mortgage debt, the usury, and partial failure of consideration, all together, would equal the mortgage debt, and thus in effect amount to payment.

Conceding, without deciding, that this defense would not have been availing in a court of law when the bill was filed in September, 1897, it cannot effect the result in this decision, for the reason that this insistence must concede that the foreclosure was only voidable, and not void, and that to maintain a bill to avoid the sale and cancel the deed it must be filed within two years next after the sale, or some valid excuse must be shown why it was not filed within such time. No such reason was shown, and it is conceded that the bill was not filed within the two years. This was expressly ruled and decided on the former appeal, and we now adhere to it. As the opinion in that case was not officially reported, and we think it is conclusive on this appeal (if the plaintiffs had not such possession, when the bill was filed, as would authorize a bill to remove a cloud on title, which fact the chancellor found, and to which finding we agreed), we will here quote that

[Dothan Lumber Co., et al. v. Bell Lumber Co., et al.]

part which is so conclusive. It was there said. "The complainants are not in possession of the land in question, and it is well understood that a party cannot maintain a bill to remove a cloud on his legal title to land, unless he is in possession, and therefore cannot assert his title in an action at law.—*Morgan v. Lehman, Durr & Co.,* 92 Ala. 440, 9 South. 314.

"If the bill be treated as one to redeem under the statute, more than two years have elapsed since the foreclosure of the mortgage under the power contained in it, and the right was therefore lost.—Code 1896, § 3505, and authorities thereunder.

"If the mortgage was fully paid at the time it is alleged it was foreclosed, the attempted foreclosure was void, and the complainant had a plain and adequate remedy at law by ejectment for the lands, and a court of equity would not intervene under such circumstances. —Code 1896, §§ 1067, 1547; *Watson v. Herring,* 115 Ala. 71, 2 South. 28; *Curry v. Peebles,* 83 Ala. 225, 3 South. 622."