(113 So. 489)

**FIDELITY & DEPOSIT CO. OF MARYLAND v. WEST BLOCTON SAV. BANK.**
(2 Div. 908.)

Supreme Court of Alabama. April 28, 1927.

Rehearing Denied June 23, 1927.

**1. Mortgages ⚖️202—Mortgagee in possession has duty of keeping property in repair.**

A mortgagee in possession not only has the right, but it is his duty, to preserve and keep the mortgaged property in repair.

**2. Mortgages ⚖️202—Mortgagee in possession in accounting to mortgagor may include reasonable expense in keeping property in repair.**

In an accounting by the mortgagee in possession to the mortgagor, the mortgagee may include in the mortgage indebtedness reasonable expense incurred in preserving and keeping the mortgaged property.

**3. Injunction ⚖️252(4)—Where delay resulting from wrongful injunction causes mortgagee extra expense in keeping property in repair, and sale does not cover indebtedness due, mortgagee may recover extra expense on injunction bond.**

Where delay resulting from an injunction obtained by a mortgagor to prevent the sale of mortgaged property causes the mortgagee in possession extra expense in preserving and keeping the property in repair, and the money from the sale when finally made does not cover the indebtedness due, the mortgagee may recover for such expense on the injunction bond.

**4. Injunction ⚖️252(4)—Mortgagee's expenses in preserving mortgaged property should be realized out of sale, if possible, though part of them are covered by injunction bond.**

The expenses of a mortgagee in possession in maintaining mortgaged property should be realized out of the sale of the mortgaged property, if possible, though part of them resulted from delay caused by injunction, and were covered by the injunction bond.

**5. Bankruptcy ⚖️257—Prima facie mortgaged property, sold by bankruptcy court at public sale, sold for as much as if sold by mortgagee after dissolution.**

Prima facie mortgaged property, sold by the bankruptcy court instead of the mortgagee at a public sale to the highest bidder, sold for as much as if sold by the mortgagee after the dissolution.

Certiorari to Court of Appeals.

Petition of the West Blocton Savings Bank for certiorari to the court of Appeals to review and revise the judgment and decision of that court in the case of Fidelity & Deposit Co. of Maryland v. West Blocton Savings Bank, 113 So. 486. Writ granted; reversed and remanded.

Lavender & Thompson, of Centerville, for appellant.

The mortgagee in possession is bound to keep the mortgaged property in ordinary repair, and is liable for a failure to do so. 19 R. C. L. 332; Miller v. Ward, 49 L. R. A. (N. S.) 122, note; Dozier v. Mitchell, 65 Ala. 511. A chattel mortgagee, in lawful possession of the mortgaged property, is entitled upon an accounting to be credited with all reasonable and actual expenses incurred in caring for it. Zadek v. Burnett, 176 Ala. 80, 57 So. 447. Where, on account of the issuance and service of an injunction which prevents the foreclosure of a mortgage, there is such depreciation of the mortgage security as to defeat, in whole or in part, the collection of the mortgage debt, the damages caused thereby are recoverable in a suit on the injunction bond. Fidelity & Deposit Co. v. Walker, 158 Ala. 129, 48 So. 600.

S. D. Logan, of Centerville, for appellee.

Brief of counsel did not reach the Reporter.

ANDERSON, C. J. The facts are fully set out in the opinion of the Court of Appeals per Rice, J.

[1-3] It seems to be a well-settled rule of law that a mortgagee in possession not only has the right, but it is his duty, to preserve and keep the property in repair. 19 R. C. L.

---

332, § 106; Miller v. Ward, 111 Me. 134, 88 A. 400, 49 L. R. A. (N. S.) 122, and note; Dozier v. Mitchell, 65 Ala. 511. And to this end he is entitled to include the reasonable expense incurred in the mortgage indebtedness upon an accounting. Zadek v. Burnett, 176 Ala. 80, 57 So. 447. True, this cost should primarily be collected upon a foreclosure or sale of the mortgage property, but, if the property does not bring enough to cover the indebtedness due, including the cost, and this cost has been proximately caused by a delay resulting from an injunction, he would be entitled to recover the same upon the injunction bond. Bolling v. Tate, 65 Ala. 417, 39 Am. Rep. 5; Fidelity Co. v. Walker, 158 Ala. 141, 48 So. 600.

The cases cited in the opinion of the Court of Appeals are no wise in conflict with the holding here. They simply lay down the proposition that, in order to recover damages for a wrongful injunction, they must have been proximately caused by suing out the injunction—just as we now hold. The Court of Appeals seems to have based its conclusion, however, upon the fact that none of the items set forth, except counsel fees, proximately resulted from suing out the injunction, and as to this we cannot agree. The mortgage sale was set for a certain day; the sale was enjoined; the mortgagee being in possession, it was his duty to preserve and care for the property; and the delay was the direct result of the injunction. Had the injunction not been issued, the sale could have taken place on the day set, and the expense would not have been incurred by the plaintiff, as mortgagee in possession, but for said injunction. As the items of cost in preserving the property were the result of a delay in the sale caused by the injunction, the plaintiff was entitled to same, including interest during the period between the date of the sale and the dissolution of the injunction. As the cost of preserving the property and the interest together with the $250 attorney's fee allowed will aggregate the amount of the judgment and the bonds, it is unnecessary to pass on the other items.

[4] As above stated, these charges should have been, other than the counsel fee, realized out of the mortgage property, but, if it did not sell for enough to include these items, in addition to what was due on the mortgage debt and cost, they are recoverable on the injunction bond.

[5] The proof shows that the property when sold did not bring enough to cover the items in question. True, the sale was made by the bankrupt court instead of the mortgagee, but this was a public sale to the highest bidder, and such a one as would have been made by the mortgagee under the terms of the mortgage, and prima facie the proper-

ty sold for as much as if sold by the mortgagee after the dissolution.

The writ is awarded, the judgment of the Court of Appeals is reversed, and the cause is remanded to said court for further consideration in conformity with this opinion.

Writ awarded.

All the Justices concur.