15 So.2d 330

## LEE v. GAINES et al.

### 7 Div. 740.

Supreme Court of Alabama.

Oct. 21, 1943.

665

H. H. Conway, of Albertville, and Leonard Crawford, of Fort Payne, for appellant.

C. A. Wolfes, of Fort Payne, for appellees.

STAKELY, Justice.

This appeal is from a decree sustaining demurrers to a bill in equity and dismissing the bill.

The allegations of the bill show that N. J. Williams, an unmarried woman, died intestate in about 1939, leaving numerous heirs, one of whom is complainant; that in 1923 the said N. J. Williams executed and delivered to G. W. Justice a mortgage on certain lands in DeKalb County to secure an indebtedness of $334.60; that N. J. Williams, who was illiterate and without business experience, made payments to G. W. Justice on the mortgage indebtedness over a period of four or five years until his death in 1928, at which time the indebtedness had not been fully paid, and thereafter continued the payments to Lela Gaines, as administratrix of the estate of G. W. Justice, until her death as aforesaid; that the payments overpaid both principal and interest of the mortgage indebtedness and yet, despite such overpayment, the mortgage was foreclosed under the power of sale contained therein, the lands sold at public outcry to third parties, J. B. Dilbeck and N. W. Cash, the proceeds applied in payment of the mortgage debt, and a deed made to the purchasers at the foreclosure sale; that such purchasers or assigns cut and sold from the lands several thousand feet of timber, worth about $700, and that there was a loss in the amount due for the use and occupation, rents and profits of the land; that the foreclosure of the mortgage and sale of the property was wrongful; that complainant procured quitclaim deeds from all the other heirs except Ella Holsomback, who was made a party to the cause, and in December, 1941, redeemed the lands from foreclosure; that about the time of redemption, in going through the papers of N. J. Williams, deceased, complainant discovered that the mortgage indebtedness had been overpaid, the timber cut and rents and profits for two years had been lost.

In rendering the decree sustaining the demurrer to the bill of complaint, the court held that the remedy at law was adequate and that the administrator of the estate of N. J. Williams, deceased, was the proper one to bring the suit and not the complainant. Accordingly the court refused in the decree to transfer the cause to the law side of the court.

Analysis of the bill shows that it seeks recovery of money claims, the equity,

if any, in the bill being based essentially on payment of the mortgage debt prior to foreclosure. Payment of the mortgage debt divested the title passing by the mortgage (Code 1940, Title 47, § 181) and, assuming on demurrer the truth of the allegations of the bill, the sale at foreclosure was void, since the debt secured by the mortgage was fully paid prior to foreclosure. Drum & Ezekiel et al. v. Bryan, 193 Ala. 395, 69 So. 483, 485. The money losses alleged to have been suffered pertain to ownership of the legal estate and for their recovery there is a plain and adequate remedy at law. The decree of the court in this regard was correct. "If the mortgage was fully paid at the time it is alleged it was foreclosed, the attempted foreclosure was void, and the complainant had a plain and adequate remedy at law by ejectment for the lands, and a court of equity would not intervene under such circumstances." Drum & Ezekiel v. Bryan, supra. "As a general rule, courts of equity will not assume jurisdiction where the only relief sought is the recovery of money. 'Even when the cause of action, based upon a legal right, does involve or present, or is connected with, some particular feature or incident of the same kind as those over which the concurrent jurisdiction ordinarily extends, such as fraud, accounting, and the like, still if the legal remedy by action and pecuniary judgment for debt or damages would be complete, sufficient, and certain—that is, would do full justice to the litigant parties—in the particular case, the concurrent jurisdiction of equity does not extend to such case.'" Merchants' Nat. Bank of Mobile v. Roche, 227 Ala. 639, 151 So. 591, 593.

■ Nor do we think that the bill contains sufficient allegations to give it standing for an accounting independent of other equitable relief. Dewberry v. Bank of Standing Rock, 227 Ala. 484, 150 So. 463.

■ The appellant furthermore complains that the court, on sustaining the demurrer, dismissed the bill without allowing an opportunity for amendment. The court is open for business at all times. Code of 1940, Title 13, § 114. The decree is dated the 1st day of January, 1943. The record does not show whether that was at a time designated under Equity Rule 61 (1923 Code, § 6637), Code 1940, Tit. 7 Appendix for an equity session. The record fails to show an application for amendment. Accordingly the court will not be put in error for failure to allow the opportunity for amendment.

"But it is also claimed that there was error in dismissing the bill for want of equity without extending complainant an opportunity to amend so as to give it equity. The decree is dated February 13, 1937. The record does not show whether that was at a time designated by authority of section 6637, Code, for an equity session. We will therefore presume that it was at such a session. Moss v. Winston, 218 Ala. 364, 118 So. 739; Pope v. Allinder, 219 Ala. 439, 122 So. 419; Hume v. Kirkwood, 216 Ala. 534, 113 So. 613; West v. State ex rel. Matthews, 233 Ala. 588, 173 So. 46; Davidson v. Rice, 201 Ala. 508, 78 So. 862.

"So considered, there was no error in dismissing the bill, if the demurrer was properly sustained, and no application then made to amend the bill. If it was not at a setting of the equity docket, complainant might have moved to set aside the decree, and to be permitted to amend alleging that it was not at such a session. In that event, it could be shown in the record that it was not so. But the decree recites that it was in term time. We cannot disregard that recital." Caudle v. Cotton, Sheriff, 234 Ala. 126, 173 So. 847, 848.

■ Finally, the appellant complains of the ruling of the trial court in refusing to transfer the case to the law side of the court. An appeal under § 755, Title 7 of the Code, is for the purpose of settling the equities of the case for the guidance of the court below. § 149, Title 13 of the Code, provides that when the judge is of the opinion that the bill is without equity for the reason that complainant has an adequate remedy at law, the judge shall so state in his decree, but shall not dismiss the bill, but direct its transfer to the law side of court. We think that when these two sections are construed together, this Court, on appeal and not on mandamus, should pass on the ruling of the court in refusing to direct the transfer, since the cause came here and is here on the equity side of the court. Altman v. Barrett, 234 Ala. 234, 174 So. 293.

■ So in considering the court's refusal to direct a transfer to the law side of the court, it should be observed that there are three classes of money claims sought to be recovered in this suit—amounts overpaid on the mortgage debt, damages for the loss of the timber, and amounts due for

rent or use and occupation of the lands. The lower court refused to transfer the cause to the law side of the court on the theory that only the administrator of the estate of N. J. Williams, deceased, could sue on such claims, there being no allegation in the bill that there were no debts owing by the estate. This, however, would not be true necessarily of rents or amounts due for use and occupation from the time of the death of N. J. Williams. On the death of N. J. Williams, who died intestate, the legal title to the lands descended to her heirs and the right to rents, issues and profits of the lands became invested in the heirs unless and until the administrator asserted his statutory power to intercept the same.

"An executor or administrator is, charged by the statutes, clothed with powers and charged with corresponding duties in reference to the lands of the testator or intestate, but in them he takes no right or title, interest or estate. As at common law, if devised, the lands pass to the devisee, or if not devised, the lands descend to the heir at law, eo instanti, the death of the ancestor, subject only to be interrupted by the exercise by the personal representative of the powers conferred by the statutes. Until an interruption by the personal representative the devisee or heir is entitled to possession, and to take the rents and profits." Cruikshank v. Luttrell, 67 Ala. 318.

See also Gayle v. Johnson, 80 Ala. 388; Layton v. Hamilton, 214 Ala. 329, 107 So. 830.

Since there is nothing in the bill to show that an administrator has so acted, this Court will not presume that an administrator has asserted his statutory authority and the lower court was in error in refusing to transfer the cause to the law side of the court.

 Upon transfer to the law side of the court, the matter of debts or no debts of the estate of N. J. Williams and the action of an administrator, if any, relative thereto can be determined. Should it appear that others should be joined with the plaintiff in the action and they cannot be reached or are unwilling to join, the plaintiff can join them upon indemnifying them against the imposition of costs. Bolton v. Cuthbert et al., 132 Ala. 403, 31 So. 358, 90 Am.St.Rep. 914.

The decree of the lower court is hereby corrected to the extent of transferring the cause to the law side of the court.

Affirmed in part and in part reversed and remanded.

GARDNER, C. J., and BOULDIN and FOSTER, JJ., concur.