74 So.2d 413

Nobie G. DANIEL

v.

Cliff MEREDITH, as Sheriff, et al.

4 Div. 782.

Supreme Court of Alabama.

Aug. 30, 1954.

Frank J. Tipler, Jr., Andalusia, for appellant.

Si Garrett, Atty. Gen., and H. Grady Tiller, Asst. Atty. Gen., for appellees.

SIMPSON, Justice.

This appeal is from a decree sustaining demurrer to the bill as last amended and dismissing it for want of equity.

The purpose of the bill was to restrain the respondent sheriff from selling the real estate described in the bill under certain executions issued by the State Department of Revenue to satisfy certain tax assessments theretofore levied against C. T. Daniel, husband of complainant.

The complainant alleged that her husband *is* not the owner of the property, that she *has* a deed to it and *is* in the quiet and peaceful possession thereof and has been paying taxes thereon and that the sheriff of Covington County has advertised the land for sale under said executions. There is no allegation as to when the tax assessments were made. By amendment to the bill a copy of the deed is made an exhibit. On the basis of these allegations, the complainant rested her right to enjoin the tax sale.

The demurrer to the original bill was first sustained by decree of March 24, 1951, in which the complaint was given until April 14, 1951, to amend. On this latter date the bill was amended, as above noted, to include the said deed under which the complainant claims title. On December 7, 1953, the court entered a final decree sustaining the demurrer to the bill as amended, concluded that the complainant could not amend the bill so as to make it contain equity, and accordingly dismissed it.

Complainant urges that error prevailed first in sustaining the demurrer to the bill and, second, in dismissing the same without permitting her to amend. Neither point is well taken.

One sufficient ground of demurrer was that "the facts averred fail to show that the property described in the bill of complaint is not subject to levy and sale under said executions." There is no certain allegation in the bill as amended to show when the assessments were levied and became a lien on the property and whether the exhibited deed antedated them. The deed merely showing the date of complainant's alleged title without more is insufficient.

Complainant urges that the allegation that she *is* in the quiet and peaceful possession of the property is a sufficient allegation to show that the State was put on notice of her title when the assessment was made. Without considering the soundness of such a proposition, the allegation that complainant *is* in possession must be construed as of the time of the filing of the bill and no sufficient allegation is made to show whether such possession—under a valid conveyance, if so—antedated the tax lien. For aught that appears from the bill as amended the sale of the property to

454

satisfy the tax assessment would be in all respects proper under a superior lien of the State. The court therefore ruled correctly in sustaining the demurrer.

■ On the question of the dismissal of the bill, it is observed the complainant had from March 1951 to December 1953 in which to amend in order to cure the defects pointed out in the first decree of the court sustaining the demurrer to the original bill. This she failed to do. The record discloses no request to the trial court for leave to amend, if the dismissal was at a regular setting of the docket and, if not, there was no motion made to set aside the decree of dismissal so that the complainant be permitted to amend. So considered, error cannot be predicated on the phase of the decree ordering the dismissal of the bill. Lee v. Gaines, 244 Ala. 664, 666, 15 So.2d 330; Caudle v. Cotton, 234 Ala. 126, 173 So. 847.

In view of the conclusion reached, we pretermit consideration of other propositions urged by appellees, such as misjoinder and nonjoinder of parties.

Affirmed.

LIVINGSTON, C. J., and GOODWYN, MERRILL and CLAYTON, JJ., concur.