113 So.2d 355

**Marion HAWK**

v.

**William Mixon MOORE.**

**4 Div. 972.**

Supreme Court of Alabama.

May 21, 1959.

Rehearing Denied June 25, 1959.

Lee & McInish, Dothan, for appellant.

J. Hubert Farmer, Dothan, for appellee.

MERRILL, Justice.

Appellee Moore filed a bill to set aside a mortgage foreclosure by appellant Hawk on the ground that the mortgage debt had been fully paid or that the price realized at the foreclosure sale was so grossly inadequate that he should be permitted to redeem.

On first appeal, 260 Ala. 228, 69 So.2d 419, 420, we held that in the absence of unusual circumstances, the right to disaffirm the foreclosure sale was barred in two years, and this bill was filed four years after the foreclosure. We also found "the evidence so indefinite and uncertain that we deem it best to remand the cause so that testimony in regard to this question of payment may be made more certain and satisfactory."

On the second trial, the question was limited to whether the mortgage debt had been fully paid prior to the foreclosure. The trial court granted the relief prayed for, decreeing that the mortgage foreclosure deed should be set aside because the debt secured by the mortgage had been fully paid before foreclosure; that the foreclosure sale was void, and that plaintiff should recover of defendant reasonable rents, less reasonable costs of necessary repairs made after the date of the foreclosure deed, and less taxes paid since that date. The court also found in its opinion:

"The main controversy between the plaintiff and the defendant in this case is whether or not the debt evidenced by the mortgage executed by the plaintiff to the defendant and securing the payment of said debt, said mortgage having been so executed on the 16th. day of April, 1942, had been fully paid at the time the aforesaid mortgage was foreclosed on the 4th. day of June, 1945.

"It clearly appears from the testimony in this case that the debt evidenced by the aforesaid mortgage was, by agreement of the mortgagor and the mortgagee, to be paid in installments and from the monthly rentals of the dwelling house and lot covered by said mortgage.

"It, also, clearly appears from the testimony in this case that the mortgage involved in this suit was due three years after the date of its execution and that the rate of interest to be paid by the mortgagor was 8% per annum.

"It further clearly appears from the testimony in this case that there were 36 installments paid on said mortgage before it was foreclosed and that each of said installments were paid from the rents accruing for the rent of dwelling house and lot covered by aforesaid mortgage.

"The Court, from the testimony in this case, makes the following special findings of facts:

"(1). That the debt evidenced by the mortgage involved in this suit was

to be paid in monthly installments from the rent of the dwelling house and lot covered by said mortgage.

"(2). That the monthly rentals on the aforesaid dwelling house and lot were collected by a third person and turned over to defendant and who, in turn, credited said mortgage debt with said payments.

"(3). That later the defendant attempted to withdraw some of the credits given by him on his mortgage and claims to have expended said amounts so attempted to be withdrawn for improvements he claims that he made or repairs he claims he made on the dwelling house covered by his mortgage.

"(4). That plaintiff at no time authorized the defendant to make any improvements or repairs of the dwelling house covered by defendant's mortgage, except one instance and that was for an insignificant amount.

"(5). That defendant collected from a fire insurance company the sum of $65.00, and claims to have expended it for repairs on the dwelling house covered by his mortgage, the fire insurance policy covering the dwelling house owned by plaintiff and covered by defendant's mortgage. No credit was given by defendant on the mortgage involved in this suit and covering the dwelling house of plaintiff.

"If defendant expended the $65.00 he received from the fire insurance company for repairs or improvements of the dwelling house owned by plaintiff and covered by defendant's mortgage, it was so expended without the knowledge or consent of plaintiff, or of anyone with authority to bind him.

"(6). That there was paid to defendant by plaintiff or his agent and the fire insurance company a sum of money sufficient to pay the installments of interest on the principal sum · as they matured, and to reimburse defendant for all money expended by him on the dwelling house covered by his mortgage which were authorized by plaintiff and to repay defendant the sum of $500.00 borrowed by plaintiff from defendant and from which the mortgage involved in this suit was given to secure and leave a balance of more than $50.00 representing and constituting an overpayment of the debt of plaintiff to defendant secured by the mortgage of plaintiff to defendant which is involved in this suit and that all of said money was paid to defendant after the execution of aforesaid mortgage on the 16th. day of April, 1942 and before its foreclosure on June 4th., 1945."

A motion to set aside the decree was overruled after a hearing and appellant brought this appeal.

Appellant's main contention is that the rule that a mortgagee in possession may include in the mortgage indebtedness reasonable expenses incurred in preserving and keeping the mortgaged property, Fidelity & Deposit Co. of Maryland v. West Blocton Savings Bank, 216 Ala. 465, 113 So. 489, and that taxes and repairs constitute a first charge on the rents obtained by the mortgagee in possession from year to year, Alexander v. Hicks, 242 Ala. 243, 5 So.2d 781, should apply in the instant case. We are not persuaded from the evidence that appellant was in possession, and appellant's own testimony tends to refute the claim that he was actually in possession.

■ The evidence was in conflict on the question of fact as to whether the mortgage indebtedness was paid. It is undisputed that a sufficient amount of rents were collected and paid to the mortgagee to discharge the principal and interest se-

cured by the mortgage. If all the repairs and taxes claimed by the appellant to have been paid by him be deducted, then the mortgage was not paid. The chief dispute is over the $65.00 paid by an insurance company for damages because of a fire in one room of the house. The draft was made to both the appellee and the appellant, but the insurance company allowed appellant to cash it without the endorsement of appellee on the ground that appellee could not be located. In the absence of an agreement between the parties, the proceeds of insurance on mortgaged property, which insurance was not secured exclusively for the benefit of the mortgagee, must be applied to the satisfaction or reduction of the mortgage debt, when the payment is made by the insurance company to the mortgagee. "He is bound to so apply it, and will be held to have done so." Kirkland v. Arnold, 178 Ala. 227, 59 So. 162, 163; 59 C.J.S. Mortgages § 328d(2), p. 452.

The trial court also applied Tit. 9, § 64, Code 1940, which reads:

"When partial payments are made, the interest due is first to be paid, and the balance applied to the payment of the principal."

■■ We have carefully considered the evidence and conclude that it supports the findings of the trial court. This being so, the decree correctly annulled the foreclosure deed because if the debt secured by the mortgage was fully paid prior to foreclosure, the sale at foreclosure was void. Lee v. Gaines, 244 Ala. 664, 15 So.2d 330; Drum & Ezekiel v. Bryan, 193 Ala. 395, 69 So. 483; Tit. 47, § 181, Code 1940.

The decree is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.